## HENRY J. DeFORD v. THOS. G. FURNISS, Admr. etc.

1. PARTIES—ADMINISTRATOR—SUGGESTION OF DEATH, AND ORDER OF REVIVOR.—A judgment in favor of an administrator in a suit commenced by his intestate, will not be reversed by the Supreme Court upon objections to the form of the order of revivor, unless such objections were made in the court below.

2. VERDICT.—The record states that the jury, "being elected, tried and sworn, to try the issue joined, upon their oaths, do say, 'we, the jury, give judgment for the plaintiff, to amount of note, and interest amounting to $1,848 25." This, though not in the usual technical form, contains the substantial requisites, and is sufficient.

Error to the circuit court of Franklin county.   SMILEY, J.

The plaintiff in error assigned the following errors, to-wit:

1st. The death of Stewart, the original plaintiff, was suggested, and no proper order of revivor in name of defendant in error.

2d. The jury found not upon the issue joined, but "gave judgment for plaintiff."

Wherefore they pray judgment, etc.

*Geo. L. Potter*, for the plaintiff in error.

Charles Stewart sued plaintiffs in error in *assumpsit*, and they pleaded to the action. Pending the suit, this entry was made: "Death of plaintiff suggested, and *revived in the name of the administrator*." At the trial term the entry of jury and verdict begins thus: "Death of plaintiff *being suggested*, and this cause revived in the name of Thomas J. Furniss, administrator, the jury were sworn to try the issue joined," and gave their return thus: "We, the jury, *give judgment* for plaintiff to the amount of the note and interest"— specifying the same. These defects are assigned for error.

The death of the original plaintiff was suggested, and there was no order of revivor. The first entry of revivor is void because it names no person in whose favor the suit is revived. The general statement that a cause is revived "in the name of the administrator," is null and inoperative. In such a case there should be an entry showing *judicial action*, an *order* of the court, which finds who is the personal representative, and directing the cause to stand revived in

his name.   This entry indicates no order of court, and names
no person as the new party to the suit.

The second entry of "death of plaintiff being suggested
and this cause revived," etc., evidently refers to the previous
void entry, and is in no sense an order of revivor.   An order
of revivor is as much a judicial act as the final judgment,
and the minute entry must be so framed as to show that *the
court* acted.

2. The finding of the jury assumes to do what the court
alone could perform.   The jury do not find any verdict upon
issue joined, but assume to be the court, and "*give judgment*
for plaintiff."   So far as the record shows, the issue has never
been tried.

Simrall, J. :

Charles Stewart sued H. J. DeFord and Susan Phipps, in
the circuit court of Amite county, in *assumpsit ;* Stewart
died, and there was a verdict and judgment in favor of his
administrator, Thos. J. Furniss.

The errors assigned here are, 1st. That there was no proper
suggestion of the death of Stewart, the plaintiff, and no
proper order of revivor.

2d. The jury did not find the issue joined, but gave judg-
ment for the plaintiff.

1. The record shows that the death of the plaintiff being
suggested, and the cause revived in the name of Thomas J.
Furniss as administrator, etc., whereupon came the parties,
and being ready for trial, etc., and submitted the case to the
jury.   What parties came ?   Furniss, the administrator, and
the defendant.   If there had been any reason why Furniss
should not proceed in the suit, then was the time to have
made it.   Parties cannot be heard to make exception in this
court, to orders like this, which passed without question in
the inferior court.   We are bound to presume that the circuit
court had sufficient evidence of Furniss' right as administra-
tor to prosecute the suit.   Cannon, admr., v. T. T. Cooper, 39
Miss., 789.   If the two facts distinctly appear, the death
of the plaintiff, and the substitution of the administrator in

his stead, as a party—however awkwardly and inartificially the entries on the record may be, we will not overlook the facts, to criticise the form.

2: The verdict of the jury is not in the usual technical form. But it has the substantial requisites. " Being elected, tried and sworn to try the issue joined, upon their oaths, do say, we, the jury, give judgment for the plaintiff, to amount of note and interest, amounting to $1,846 25." Upon which follows the judgment of the court. This is tantamount to declaring that they find the issue joined for the plaintiff, and assess his damages, etc.

Let the judgment be Affirmed.