# Floyd *v.* Ritter's Adm'r.

*Bill in Equity by Judgment Creditor of Administrator, against Sureties on Official Bond, and Fraudulent Grantee.*

1. *Revivor of suit; under former practice.*—Under the chancery practice which formerly prevailed, a bill of revivor was necessary to bring in as a party a person upon whom the interest of a deceased party devolved, by operation of law, pending the suit; and that practice may still be pursued, or may be required by the chancellor.

2. *Same; under present practice.*—Under the rules of practice now of force (Code, p. 176, Rule No. 102), instead of a bill of revivor, when not required by the chancellor, the death of a defendant may be verbally suggested to the chancellor or register, and an *ex-parte* order obtained for a summons to his personal representative or heirs, or to both, to appear and defend in his stead; and after the expiration of thirty days from service of the summons, the suit is considered as revived, and may be prosecuted against such new parties, without any order of revivor.

3. *Same; amended bill.*—An amendment of the bill is not the regular or usual mode of bringing in the personal representative or heirs of a deceased defendant; but it may serve the purposes of a suggestion of the death of the deceased, and of the names of his legal representatives; and when they are served with notice, requiring them to appear and plead or answer, a decree *pro confesso* may be taken against them, and the cause treated thereafter as revived against them.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. H. AUSTILL.

The original bill in this case was filed on the 1st March, 1871, by Stephen Schuessler, as the administrator of the estate of Joseph Ritter, deceased, against Thomas J. Orme, late general administrator of Montgomery county, and against Mrs. Anne Floyd and John A. Floyd, sureties on said Orme's official bond, and against Mrs. M. A. Floyd (the wife of said John A. Floyd), and several other persons; and sought to reach certain lands, which were alleged to have been fraudulently conveyed by Mrs. Anne Floyd and John A. Floyd to Mrs. M. A. Floyd and the other defendants whose names are not mentioned, and to subject them to the satisfaction of a decree which the complainant, as the administrator *de bonis non* of said Ritter, had obtained against said Orme, on the 10th October, 1870, on final settlement of his accounts as administrator of said estate by virtue of his office as county administrator. On the final hearing, on pleadings and proof, the former chancellor (Hon. A. C. FELDER) held that the lands which had been conveyed to

[Floyd v. Ritter's Adm'r.]

Mrs. M. A. Floyd were subject to the complainant's debt, and directed a sale of them by the register; but, on appeal from his decree, this court, at its December term, 1876, held that there was a fatal variance between the allegations and proof, as to the conveyances under which Mrs. M. A. Floyd held these lands; and the decree was therefore reversed, and the cause remanded, that the pleadings might be amended, as shown by the report of the case.—*Floyd v. Ritter's Adm'r*, 56 Ala. 356-60.

On the 24th April, 1877, after the remandment of the cause, the complainant, by leave of the court, filed a proposed amendment of his bill, by striking out the averments as to John A. Floyd's interest in the land, or any conveyance by him to Mrs. M. A. Floyd, his wife, and alleging that the land belonged to Mrs. Anne Floyd, and was fraudulently conveyed by her to Mrs. M. A. Floyd; and on the 8th May, 1877, as the minute-entry recites, "complainant moved in writing to amend his bill, and, upon consideration, the amendments proposed are allowed." On the 24th May, 1877, as the next minute-entry recites, "complainant suggests the death of respondent Anna Floyd, and, on motion, has leave to revive the suit as to her, by making W. T. Hatchett, her administrator, a party." On the 5th November, 1877, the complainant filed in the register's office an amended bill, in which the amendments made at the preceding May term were set out more formally, and at greater length; and the amended bill further stated the deaths of Mrs. Anne Floyd and Thomas J. Orme, alleging that Orme left no estate, and had no personal representative; and that J. W. Jones had been duly appointed administrator of Mrs. Anne Floyd's estate, by the Probate Court of Montgomery county; and it was prayed, "that said J. W. Jones, as administrator of Anne Floyd, may be made a party defendant hereto, and required to answer the allegations of this bill." The register allowed the amended bill on the day on which it was filed; and on the same day an answer was filed by said J. W. Jones, as administrator, adopting the answer filed by his intestate in her life-time. On the 24th May, 1878, the complainant amended his bill, by leave of the court, stating the death of Mrs. Anne Floyd, and the names, ages, and residence of her children, who were her only heirs at law; and praying that they "may be made parties defendants to said bill, as required by law." On the 4th November, 1878, summons having been served on all of said persons for more than thirty days, decrees *pro confesso* were regularly entered against them by the register. On a subsequent day of the November term, 1878, the cause being submitted for decision

"upon the pleadings and testimony," the chancellor held the complainant entitled to relief, and ordered a reference to the register to ascertain the amount of his debt; and the register's report having been made, and confirmed without objection, he ordered a sale of the lands conveyed by Mrs. Anne Floyd to Mrs. M. A. Floyd, as described in the amended bill, unless the complainant's debt was paid within ten days after the adjournment of the court.

From this decree, an appeal was sued out by Mrs. M. A. Floyd, "in behalf of herself and her co-defendants;" and she here assigned as error the decree holding her lands subject to the complainant's debt, and ordering a sale of them. Errors were also assigned by "each of the said appellants, jointly and severally," on account of alleged irregularities in the proceedings to revive the suit after the death of Mrs. Anne Floyd.

CLOPTON, HERBERT & CHAMBERS, R. H. ABERCROMBIE, and RICE & WILEY, for appellants.

W. A. GUNTER, and THOS. H. WATTS, *contra.*

BRICKELL, C. J.—The argument of the counsel for the appellants is directed particularly to the regularity of the mode in which the administrator and the heirs of the deceased defendant, Anna Floyd, were made parties to this cause in the Court of Chancery. It was, doubtless, very irregular, if conformity to the rules of practice originally prevailing in Courts of Chancery could now be required. Under that practice, whenever, by the death, and by operation of law, the interest of a party to a pending suit in equity became vested in another, there was an abatement, or, rather, a suspension of proceedings, in whole or in part, which could be cured only by bringing before the court the party to whom the interest was transmitted. The mode of introducing the party was by bill of revivor (1 Brick. Dig. 709, § 999); and upon the bill an order or decree was entered, that the cause be and stand revived, in the plight and condition it was when the suspension of proceedings occurred. This practice may yet be pursued, if parties so elect; or the chancellor may, if he deems it proper, compel parties to pursue it. But the parties, if not otherwise ordered by the chancellor, may revive in the mode pointed out in the 102d Rule of practice, the second clause of which provides that, "upon the death of a defendant, instead of proceeding by bill to revive against his personal representative or heirs, upon a verbal suggestion to the register or chancellor, an

[Floyd v. Ritter's Adm'r.]

*ex-parte* order shall be made for a summons to issue to his personal representatives or heirs, or both, if required, to appear at a day named, and defend in place of the deceased; and when such summons is served, the suit shall be considered as revived at the expiration of thirty days after service thereof, and be thereafter prosecuted against the new parties, without any order of revivor."

There was, in the proceedings by which the administrator and the heirs of Anna Floyd were brought before the court, a substantial compliance with this rule. There was, first, a suggestion of her death entered of record; and by leave of the court, Hatchett was made a party, as her personal representative. Subsequently, the bill was amended, and Jones was made a party defendant, as her administrator, and he appeared and answered. The chancellor made an order, requiring the heirs to be made parties; the bill was amended, making them parties, and they were served with a summons, requiring them to appear and plead or answer; not obeying which, a decree *pro confesso* was rendered against them. Now, the amendment of a bill is not a very regular or usual mode of introducing the personal representative or heirs of a deceased defendant; but it may serve the purposes of a suggestion of the death of the defendant, and of the persons who are his representatives; and when they are served with notice to appear and plead or answer, all the purposes of the rule of practice are satisfied. The record discloses the death of the defendant, and who has succeeded to her rights and interests, and notice is given to whoever stands in that relation, to come in and defend.

The decree rendered is in conformity to the view of the case we intimated when the cause was here at a former term. *Floyd v. Ritter*, 56 Ala. 356. The defects in the pleadings then pointed out have been corrected, and an amended answer of Mrs. M. A. Floyd is now in the record, admitting fully the standing of the complainant as a creditor of Anne Floyd.

The decree is affirmed.

STONE, J. not sitting, having been of counsel.