### BENTLY v. TORBERT, GUARDIAN.

1. **Guardian of Insane Person:** ACTION AGAINST FOR BOARD OF WARD BEFORE GUARDIANSHIP: UNWARRANTED JUDGMENT. An action was brought against the guardian and his ward—an insane person—for boarding of the ward prior to the guardianship. The guardian demurred as to himself, and the demurrer was overruled. He then, under order of court, filed an answer for his ward, which put in issue all the allegations of the petition, but for himself he did not answer, but stood on his demurrer. The claim was then dismissed as to the ward, and judgment was rendered against the guardian in person. *Held* that the judgment was without warrant, and should be reversed.

*Appeal from Dubuque Circuit Court.*

FRIDAY, DECEMBER 18.

THIS is an appeal from an order of the court overruling a demurrer to the petition, and from a judgment afterwards rendered against the defendant. The facts appear in the opinion.

*J. H. Shields* and *Henderson, Hurd & Daniels,* for appellant.

*T. S. Wilson* and *J. G. Brown,* for appellee.

ROTHROCK, J.—The original notice in the case was addressed to George L. Torbert, guardian of Sarah D. Seymour, and Sarah D. Seymour, and it advised them that on a day named a petition would be on file claiming judgment against them on an account. When the petition was filed, its caption was as follows:

"PETITION FOR ALLOWANCE OF CLAIM."

"*C. C. Bently v. George L. Torbert, Guardian of Sarah D. Seymour.*"

The body of the petition charged that Sarah D. Seymour became and was indebted to the plaintiff in the years 1879

and 1880 on an account.   The prayer was that said claim be allowed, "and that said account, which is hereto attached, be ordered by this court to pay the same according to law." George L. Torbert, guardian, demurred to the petition on the following grounds:  "(1) No contract of guardian or other cause of action against him is stated.   (2) Guardian cannot be sued on contract of ward.   (3) The claim has not been established against the ward, and cannot be so established in this proceeding against the guardian." The demurrer was overruled, and "George L. Torbert, the regular guardian, was appointed and directed to defend for his said ward, Sarah, in claim of C. C. Bently."   Thereupon the following answer was filed:  "Defendant Sarah D. Seymour, by G. L. Torbert, her guardian, heretofore appointed to defend her, for answer to the petition herein denies all the material allegations thereof prejudicial to such defendant Sarah D. Seymour." On the same day the cause came up for hearing, and Torbert elected to stand on his demurrer, and judgment was rendered against him for the amount of the claim.   On the twenty-seventh day of May, 1884, the cause was dismissed without prejudice as to Sarah D. Seymour.   The account attached to the petition consisted principally of charges against Sarah D. Seymour for boarding her in the year 1879.   It is not claimed that any part of the account accrued while Torbert was guardian for her.   The pleadings are silent as to the reason why a guardian was appointed.   In the arguments it appears that she was adjudged insane; but it is claimed that this account accrued before the guardian was appointed.

There must be some form to legal proceedings.   The petition must have been prepared after the form for proving up claims against the estate of deceased persons.   It does not really claim a judgment against any one.   But that a judgment against Torbert was contemplated is plain from the fact that a judgment was rendered against him.   The proceedings should be against the ward, and whether it was error to sustain the demurrer or not, when the answer was

filed it was a complete answer to the whole claim. It was filed in behalf of Sarah D. Seymour by G. L. Torbert, her guardian. After the filing of this answer, which put the parties before the court in their proper relation, it was error to enter up judgment against Torbert either individually or as guardian.

REVERSED.