THE WICHITA & WESTERN RAILWAY COMPANY v. W. J. QUINN.

NO. 9008.

| 57 | 737 |
| 58 | 10 |
| 58 | 334 |
| 57 | 737 |
| 62 | 566 |

1. CONSOLIDATED RAILROAD COMPANY—*securing reversal and new trial as substituted plaintiff in error, original action thereby revived against.* Q. obtained a judgment against the K. P. & W. Rld. Co. in the District Court. The Railroad Company prosecuted proceedings in error in this Court to reverse the judgment. While the cause was pending here, said Railroad Company consolidated with another company, forming the W. & W. Rly. Co. On motion of the last-named company, it was substituted as plaintiff in error in this Court; and thereafter successfully prosecuted the petition in error and obtained a judgment of this Court reversing the judgment of the District Court and ordering a new trial of the action. No formal order of substitution or revivor was made in the District Court, and more than one year elapsed after the consolidation before the former judgment was vacated in accordance with the mandate from this Court. *Held*, that by voluntarily assuming the position of plaintiff in error in this Court, it adopted the petition in error of the defunct corporation and sought a new trial of the action in the lower Court; and that having obtained a reversal of the judgment for the purpose of allowing a new trial, it consented to be substituted as defendant in error in the court below. The new company was liable for all the debts of the old company, and having obtained the substantial advantage, by the proceeding in this Court, of a reversal of the judgment below, it incurred the risk of a new trial of the action against it as defendant.

47—57 KAN.

2. OBSTRUCTING RAILROAD — *land-owner wilfully tearing up track, though award unpaid, criminally liable for.* The K. P. & W. Rld. Co. condemned a right of way over the plaintiff's land. He, being dissatisfied with the damages awarded, appealed to the District Court. While the appeal was pending, the Company entered on the land and constructed its railroad across it. On the trial of the appeal the award of damages was largely increased. This sum was not paid; but the defendant continued to occupy the land condemned, and to operate its railroad across it. After a number of months' delay and neglect on the part of the Company to pay the award, the plaintiff tore up one of the rails in the track, and placed a post, with boards nailed across it, between the rails. His purpose in tearing up the rail and placing the obstruction on the track was to assert his right to the possession of the land, and he took precautions to prevent accidents by giving notice to the Company. Thereupon the employes of the Company caused his arrest. *Held,* in an action to recover damages for false imprisonment and malicious arrest, that it was error for the Court to charge that the arrest was made without probable cause, and that the Court should have charged the reverse: that there was probable cause.

*Error from Pratt District Court.*
*Hon. W. O. Bashore, Judge.*

REVERSED.                    OPINION FILED MARCH 6, 1897.

THIS action was commenced by W. J. Quinn against the Kingman, Pratt & Western Railroad Company to recover damages for a malicious arrest unlawfully made. The plaintiff was in the possession of a half-section of land in Richland Township, Pratt County, the title to one quarter-section of which was in the name of his wife, and the other in his own name. In the summer of 1886, the Kingman, Pratt & Western Railroad Company caused a right of way for its railroad to be condemned across the plaintiff's land. From the award of the commissioners the plaintiff appealed to the District Court, where he obtained an award of $1,650, as his damages,— a sum largely in excess of that allowed by the commisssioners. While the appeal was pending the Railroad Company constructed

its road across the plaintiff's land.  The Company took
time to make a case for the Supreme Court, but no
petition in error was ever filed to reverse the judg-
ment.  The Company continued to operate the railroad,
and did not pay the plaintiff his damages.  Afterward,
he instituted proceedings to enjoin the operation of the
railroad across his land.  A temporary order of in-
junction having been obtained, proceedings were insti-
tuted before the Judge of the District Court to punish
the defendant for violating the injunction.  The or-
der was held void, and the injunction dissolved on the
27th of June, 1887.  On the 16th of July, 1887, the
plaintiff's damages still remaining unpaid, he took a
rail out of the track of the railroad where it crossed
his land, and set up near the center of the track
a post across which he nailed boards, for the purpose
of preventing the Railroad Company from running
its trains across his land.  Notice was given and pre-
cautions were taken to prevent accident to any train
passing along the road.  The roadmaster, learning
what had been done, took hand-cars, and, in company
with the section-boss and a number of men, went to
the place where the rail had been removed, for the
purpose of repairing the track.  He found the plain-
tiff there, who objected to his replacing the rail.  The
plaintiff asserted his right to prevent the Company
from crossing what he claimed to be his land, because
his damages had not been paid.  After some contro-
versy, the roadmaster arrested him and took him to
Cullison.  A warrant for his arrest was sworn out by
the section foreman, but the complaint was sworn to
and the warrant issued in Banner Township, by a jus-
tice of the peace of Richland Township.  After the
arrest, an agreement was entered into, between the
plaintiff and the attorney for the Railroad Company,

to the effect that the plaintiff should not interfere with the operation of the Company's trains, and that the damages for the right of way should be paid to him within a week. The prosecution was thereupon dismissed and the plaintiff released from custody. On the 27th of July, 1887, this action was brought against the Kingman, Pratt & Western Railroad Company to recover damages for the arrest. A judgment was obtained, to reverse which the Company prosecuted proceedings in error in this Court. While the case was pending here, and on the 18th of July, 1889, articles of consolidation were entered into by the Kingman, Pratt & Western Railroad Company and the Wichita & Western Railroad Company, and the name of the Wichita & Western Railway Company was adopted for the new company. On the 6th of May, 1890, the Wichita & Western Railway Company was, on its own motion, substituted as plaintiff in error in this Court. Afterward, the case was heard, the judgment of the District Court reversed, and the case remanded for a new trial. No proceedings for the purpose of reviving the judgment against the consolidated company were had in the District Court prior to the reversal of the judgment. By leave of Court an amended and supplemental petition was afterward filed, alleging the consolidation, and that the Wichita & Western Railway Company had succeeded to all the property of the Kingman, Pratt & Western Railroad Company and had assumed all its debts and liabilities. The Company objected to the filing of this amended and supplemental petition, on the ground that no order had ever been made substituting the Wichita & Western Railway Company as defendant. The objection having been overruled and the amended petition filed, the defendant answered with a general denial. The

case was tried to a jury, resulting in a verdict and judgment in favor of the plaintiff for $2,600. This proceeding is prosecuted to reverse that judgment.

*E. D. Kenna*, *A. A. Hurd* and *F. W. Bentley*, for plaintiff in error.

*J. C. Ellis* and *Edwin A. Austin*, for defendant in error.

ALLEN, J.   The first proposition urged is, that more than one year elapsed after the consolidation of the two railroad companies without any proceeding in the District Court to revive the judgment against the new corporation. It is insisted that the cases of *K. O. & T. Rly. Co. v. Smith*, 40 Kan. 192 ; *Kunkle v. Railway Co.*, 54 id. 194, and *C. K. & W. Rld. Co. v. Butts*, 55 id. 660, are decisive of this case, and that under these authorities the action in the District Court was dead, and could not be revived without the consent of the Railway Company. Counsel for the defendant in error has argued at length, both orally and in the brief, against the soundness of the rule declared in these cases ; but we are not disposed to re-examine the question. This case, however, is different from either of those cited. The new company voluntarily took the place of the old in this Court. The only purpose of the proceeding here was to reverse a judgment for the payment of which the new company was liable. The error complained of here, and for which the judgment of the District Court was reversed, was in the refusal of the trial court to grant the defendant a new trial. The new company was, therefore, after being substituted as plaintiff in error here, prosecuting an action in this Court to obtain a new trial in the District Court. This Court, at its instance, reversed the judgment of the trial court

and granted it the new trial it desired.

**1. Original action revived against substituted plaintiff in error securing reversal.** The mandate of this Court thereupon issued to the lower court commanding it to grant the new trial — not to the old, dead company — but to the new, living company which had taken its place. Can it be that, after having asked and obtained through the command of this Court a new trial of the case, it may still urge that it has never consented to become a party in that Court? Can it be a party for the purpose of vacating and setting aside the judgment where the plaintiff's cause of action still remains, and where this Court merely grants a new trial, and yet claim that it is not a party for the purpose of any further proceeding in that Court? We think it must take the burdens and benefits of the judgment obtained here, together ; that it must follow into the District Court the mandate sent there at its instance, and must abide the result of a new trial ; that the substitution under these circumstances must be treated as having been made with the consent of ths defendant.

In the fourth instruction given by the Court, and excepted to by the defendant, the jury were told that the facts proved in this case did not constitute probable cause for the plaintiff's arrest. Section 104 of the act concerning Crimes and Punishments, reads :

" Any person who shall wilfully throw down, break, remove, displace, cut, split, burn, or in any manner destroy or injure any of the rails, sills, switches, cross-ties, piles, bridges, culverts, viaducts, parapets, or any other fixture of any railroad, or shall wilfully injure or destroy any embankment of any railroad within this state, now constructed or in process of construction, or of any railroad which shall hereafter be constructed, or be in process of construction in this state, shall, on conviction thereof, be punished

by confinement and hard labor in the penitentiary not less than one nor more than three years.''

According to his own testimony the plaintiff wilfully removed a rail from the track of the railroad constructed and operated over his land.   He also wilfully placed an obstruction on the track, which is made a crime by section 103 of the same act.   His only justification for his acts was that he owned the land, and that, as the Railroad Company had failed to pay him the damages he had been awarded, he had a right to resume possession of it.   What-

2. Land-owner tearing up track criminally liable.   ever the rights of the defendant might have been in an action to recover the land occupied by the Railroad Company, he had no right to take the law into his own hands and proceed to tear up the railroad track.   It may be that, on a trial as for a crime under the section of the statute quoted, the fact that he acted in good faith under the claim of right, might shield him from punishment; but, as his acts constituted a crime within the letter of the statute, there was probable cause for his arrest, and the instruction given was erroneous.   *Denver & Rio Grande Rld. Co. v. Harris*, 122 U. S. 397; *State v. Johns*, 124 Mo. 379, 27 S. W. Rep. 1115; *Clifton v. State*, 73 Ala. 473.

Other claims of error are discussed in the brief, but as the same questions may not arise again we deem it unnecessary to discuss them in detail.   The one already considered compels a reversal of the judgment.

All the Justices concurring.