### Indiana, Ill. & Ia, R. R. Co. v. Alonzo Hawkins.

1. RAILROADS—*Damages by Fire—What is Not a Defense.*—Proof that a fire originated from an engine, in dead grass, dry weeds or other combustible material on the right of way, and communicated to the plaintiff's property and injured it, establishes a cause of action against the railroad company, to which the proper equipment and operation of the engine is no defense.

2. SAME—*Damage by Fire—What is a Defense.*—Proof that an engine of defendant set out a fire which injured plaintiff's property makes a *prima facie* case of negligence against a railroad company without proof of dead grass, etc., on the right of way, but in such a case it is a complete defense to show the engine properly equipped and skillfully operated.

3. FIRES—*By Railroads—Burden of Proof.*—The burden of showing the existence of dead grass, dry weeds or other dangerous combustible material upon the right of way of a railroad company, in an action for damage done by fires, is upon the plaintiff.

**Action for Damage Done by Fire.**—Trial in the County Court of Kankakee County, on appeal from a justice of the peace; the Hon. EBEN R. GOWER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by the defendant. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed July 20, 1899.

H. K. WHEELER, attorney for appellant.

H. L. RICHARDSON, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

About 2 P. M. of September 24, 1897, lands of Alonzo Hawkins, adjoining the right of way of the Indiana, Illinois & Iowa Railroad Company, were burned over by a fire which Hawkins claims was attributable to the negligence of said railroad company. He brought this suit to recover damages for the injury his premises suffered therefrom, and on the trial of an appeal in the County Court had verdict and judgment for $150. The company appeals.

The fire started on the right of way and ran from thence to plaintiff's premises. It was first seen as "a smoke in the grass on the railroad," shortly after a certain freight train went west. There is no other evidence there was "dead grass, dry weeds or other dangerous combustible material" upon the right of way. Defendant proved without dispute that its engine drawing said train was equipped with the best known and most approved appliances to prevent the escape of fire therefrom, that said appliances were in good repair, and the engine properly handled and controlled by an engineer and a fireman who were each competent and skillful.

Where a fire thus originates from an engine of a railroad company, if the proof shows "dead grass, dry weeds or other dangerous combustible material" on the right of way and that it caught fire from an engine of defendant and fire communicated therefrom to plaintiff's property and injured it, this establishes a cause of action against the railroad company, to which the proper equipment and operation of the engine is no defense. If the proof shows merely injury from a fire set out by an engine of defendant, this under our statute makes a full *prima facie* case of negligence against the railroad company, without proof of the existence on the right of way "dead grass, dry weeds or other dangerous combustible material;" but it is a complete defense to such a case to show the engine properly and skillfully equipped and operated. (C. & A. R. Co. v. Quaintance, 58 Ill. 389; C. & E. I. R. R. Co. v. Goyette, 133 Ill. 21.) As the proof in this case did not show such material on the right of way, and did show the engine so equipped and operated, the evidence did not justify a verdict for plaintiff.

Plaintiff's fourth instruction given told the jury if the engine had the latest improved appliances to prevent the escape of fire, yet if the fire was set out on the right of way by said engine, and damaged plaintiff, he was entitled to recover. This was not true, unless the fire was so set out by means of dead grass, dry weeds or other dangerous combustible material on the right of way, or said appliances

were not in good repair, or the engine was not properly handled, and controlled by competent and skillful servants. This instruction as given omitted essential qualifications and was erroneous.

Defendant's fourth instruction as offered was defective in requiring the right of way to be "covered" with dead grass, etc., and requiring that element to appear from plaintiff's proofs instead of the entire evidence, and it might properly have been refused. The court so modified and gave it as to require proof that the right of way was not covered with dead grass, etc., in order to exonerate defendant, thus casting the burden upon defendant to prove the non-existence of dead grass, dry weeds or other dangerous combustible material upon the right of way. This was error. The plaintiff had the burden of proof upon that subject. The judgment is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.