ADA D. CARR *et al.* v. PATRICK FARRELL *et al.*

**No. 11,840.** (64 Pac. 22.)

REVIVOR—*Estopped by Substitution in Supreme Court.* A plaintiff in error died pending proceedings commenced by him in this court. On application of his heirs and personal representative, they were substituted as parties in place of the deceased, and prosecuted the proceedings in error to a final termination. *Held,* that by such action they are estopped from asserting that the judgment which they sought to reverse was not properly revived against them in the court where it was rendered.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed March 9, 1901. *In banc.* Affirmed.

*Isenhart & Alexander,* and *H. C. Root,* for plaintiffs in error.

*Galen Nichols,* county attorney, *W. I. Jamison, Eugene Hagan, Overmyer, Mulvane & Gault, A. H. Case,* and *Lucia O. Case,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: In January, 1897, in the district court of Shawnee county, Patrick Farrell recovered a judgment against William P. Douthitt and a decree for the foreclosure of a mortgage on real estate. Proceedings in error for a reversal of the judgment were commenced in this court in June, 1897, and in November following, while the same were pending, the plaintiff in error, William P. Douthitt, died. In August, 1898, the owner of the judgment filed a motion in the district court to revive the action against the heirs of William P. Douthitt, who are plaintiffs in error here. The action and judgment were revived, but error is prosecuted from the order of the court making the

revivor, and a reversal thereof is prayed for in this proceeding.

We think it unnecessary to review the action of the court in sustaining the motion to revive. After the death of William P. Douthitt, his heirs and the administratrix of his estate applied here for an order to revive the pending proceedings in error in their names, which motion was allowed, and said persons were substituted as plaintiffs in error in this court in place of the deceased. They then prosecuted the proceedings to a final termination. (*Douthitt v. Farrell*, 60 Kan. 195, 56 Pac. 9.) We do not believe that plaintiffs in error are now in a position to question the validity of the order of revivor made in the district court by reason of the action taken by them after the death of William P. Douthitt, when the case was here before. They made themselves parties in this court for the purpose of reversing a judgment, which, if permitted to stand, would injuriously affect them. In the event of a reversal in the former proceedings, the full benefit of such a result would have inured to them. Having sought the advantage of having their property discharged from the lien of the judgment, they took the chance that the validity of the judgment would be sustained to their detriment.

In *Railway Co. v. Quinn*, 57 Kan. 737, 741, 48 Pac. 132, one Quinn obtained a judgment in the district court against a railroad, and the company prosecuted proceedings in error to this court. While the case was pending here the railroad company was consolidated with another company, and the latter was substituted, on its own motion, as plaintiff in error, and was successful in reversing the judgment rendered in favor of Quinn in the court below. No order of substitution or revivor was made in the district court,

and more than a year elapsed before the judgment rendered in the district court was vacated in accordance with the mandate of this court.   It was held that, in voluntarily assuming the position of plaintiff in error in this court and securing a reversal, the company consented to be substituted as defendant in the court below.   The court said :

"Can it be that, after having asked and obtained through the command of this court a new trial of the case, it may still urge that it has never consented to become a party in that court?   Can it be a party for the purpose of vacating and setting aside the judgment where the plaintiff's cause of action still remains, and where this court merely grants a new trial, and yet claim that it is not a party for the purpose of any further proceeding in that court?   We think it must take the burdens and benefits of the judgment obtained here together ; that it must follow into the district court the mandate sent there at its instance, and must abide the result of a new trial ; that the substitution under these circumstances must be treated as having been made with the consent of the defendant."

The case quoted from differs from the one at bar only in the fact that plaintiffs in error here were not successful in the former proceedings which they prosecuted to reverse the judgment.   The adverse result of their efforts, however, does not lessen the effect or conclusiveness of the estoppel.

The judgment of the court below is affirmed.