JESSE J. DUNN,
SAMUEL W. HAYES.
MATTHEW J. KANE,
R. L. WILLIAMS, } JUSTICES.

---

### BROWN v. HILLMAN *et al.*

No. 852. Opinion Filed May 9, 1911.

Rehearing Denied July 11, 1911.

(116 Pac. 775.)

**APPEARANCE—What Constitutes—Effect.** After the issues were joined in an action on a foreign judgment, the defendant died, and W. and R. were appointed executors of his estate, to whom the plaintiff presented his claim as required by law, and the same was rejected, and thereafter the court entered an order giving the plaintiff leave to amend his petition and allowing the defendants 30 days in which to answer, and on the same day the petition was amended by setting up, in addition to the former allegations therein, the death of the defendant, the appointment of the executors, and the presentation and rejection of the claim, and thereafter said executors filed their answer, which was a general appearance to the merits. **Held,** that such an appearance was a submission to jurisdiction and waived a formal revivor.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; Geo. W. Clark,
Judge.*

Action by Abner B. Brown, as trustee of Ezra S. McLean

and as executor of Pamelia E. Wilson, against Roscoe S. Hillman, Alice B. Beach, and J. W. Webb and R. L. Robards, executors of the estate of Roscoe S. Hillman. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*John H. Wright*, for plaintiff in error.

*Everest, Smith & Campbell*, for executors J. W. Webb and R. L. Robards.

KANE, J. This was an action upon a foreign judgment, commenced by the plaintiff in error, against Roscoe S. Hillman. Summons was issued and served on said Hillman, and said Hillman filed his answer in said cause, denying the allegations of the petition, and as an affirmative defense alleged that he was not served with summons in the state wherein said judgment was rendered against him, and that he never appeared in person or by attorney, and that, if personal judgment was rendered against him, the same was obtained through fraud and misrepresentation. Plaintiff's reply was a general denial. After the cause was at issue, to wit, in May, 1907, the defendant died, and J. W. Webb and R. L. Robards were duly and regularly appointed executors of his estate. On the 13th day of August, 1907, the plaintiff presented his claim, duly authenticated as provided by law, to the said executors, and the same was rejected. On the 3d day of December, 1907, the court entered the following order:

"This cause coming regularly before the court on application of the plaintiff, he is given leave to file amended petition and make new parties defendants herein; the defendant to have 30 days hereinafter in which to answer."

On the same day the amended petition was filed, setting up, in addition to the former allegations therein, the death of the defendant, and that the said J. W. Webb and R. L. Robards were duly and regularly appointed executors of the estate and the presentation and rejection of said claim. On the 29th day of January, 1908, Webb and Robards, as executors of the will of Roscoe S. Hillman, filed their answer, in which they admitted their appointment as executors and that the claim was presented and rejected. The balance of the answer was substantially the same as the answer of the decedent. The reply of the plaintiff was

a general denial. On the 28th day of September, 1908, the executors filed a motion for judgment on the pleadings, upon the ground that more than three months had elapsed between the time of the presenting of the claim and the filing of the amended petition and that no order of revivor was ever entered. On the 2d day of October, 1908, the plaintiff filed a motion supported by affidavit for the entry of a *nunc pro tunc* order showing a revivor of said case on the 23d day of December, 1907. This motion was resisted by affidavit. On the 15th day of February, 1909, the court overruled plaintiff's motion for a *nunc pro tunc* order and sustained defendants' motion for judgment on the pleadings, and entered judgment for defendants for costs. To reverse that judgment this proceeding in error was commenced.

The first contention made by counsel for plaintiff in error is "that the order made on the 23d day of December, 1907, was in law a sufficient order of revival." Counsel for defendants in error contend that the record is not in such shape as to warrant this court in considering that question, for the reason that the plaintiff proceeded below upon the theory that it would be necessary to have the order of revivor entered, as was evidenced by his efforts to have the same entered *nunc pro tunc,* and that, as his motion for a *nunc pro tunc* order was overruled, he cannot contend in this court that the record shows the sufficient revival without the entry of the *nunc pro tunc* order. In support of this contention counsel cite *Healy v. Loofbourrow,* 2 Okla. 458, 37 Pac. 823; *McDonald v. Carpenter,* 11 Okla. 115, 65 Pac. 942.; *Osborne & Co. v. Case et al.,* 11 Okla. 479, 69 Pac. 263; *Harris v. First Nat. Bank of Bokchito,* 21 Okla. 189, 95 Pac. 781, and several other cases. In the last case it was held:

"The right of appellant to recover was properly submitted to the jury on his own theory. The jury finding against him on the theory relied upon, he will not be permitted to change front in this court and claim the right to recover upon some other theory."

We do not believe that the line of cases are in point here. Counsel for defendants presented below his motion for judgment upon the pleadings upon the theory that no revivor was had.

Counsel for plaintiff below contended that there was a specific order to revive made by the court, and that the same was not entered of record, and sought to have the specific order entered *nunc pro tunc.* We see no indication in this to waive consideration of any other entry which might constitute a revivor. Counsel for plaintiff may have been of the opinion that a specific order of revivor was necessary, and the court also may have been of that opinion, but if the court and counsel were mistaken in the premises, and the record shows it, it is the duty of this court to correct the error. The court probably ruled correctly in overruling the motion for a *nunc pro tunc* order, but we think it was error to sustain the motion for judgment on the pleadings, for the reason that the general appearance to the merits by the executors waived any defects in the mode of revivor.

The case of *Curry v. Railway Company,* 58 Kan. 6, 48 Pac. 579, seems to sustain the first contention of counsel for plaintiff in error. It is held:

"When, after the institution of suit against a railway company, its legal existence is terminated by consolidation with other like companies, and the action, in consequence, abates, a new petition, which appears to be the commencement of a new action and not a continuation of the old one, is filed against the consolidated company as successor to the liabilities of the others, and a summons in the form of original process is issued against and served upon the consolidated company, and it demurs to such petition, and moves to strike it from the files, but delays objection to the lack of formal revivor of such first action and its substitution thereto until its answer to such petition is filed, it will be deemed to have waived the lack of such revivor and substitution, and will be held as defendant to the suit."

Discussing the question of waiver, Mr. Chief Justice Doster, who delivered the opinion of the court, said:

"Not until the defendant answered was the question of the lack of revivor and substitution raised in the case. It was then too late. Such an objection is like any other objection to jurisdiction. It must be made before appearance to the merits; for such appearance is a submission to jurisdiction. Instead of demurring to the first amended petition, the defendant should have moved to strike it from the files for the reason that no order re-

viving the original action had been made. By filing a demurrer thereto, it pleaded to the legal merits of the cause of action stated in the petition. This was a waiver of the defect which is now urged. *W. & W. Ry. Co. v. Quinn,* 57 Kan. 737 [48 Pac. 132]."

Other cases to the same effect are *De Ford v. Furniss,* 43 Miss. 132; *Floyd v. Ritter's Adm'rs,* 65 Ala. 501; *Wells et al. v. Amer. Mort. Co.,* 109 Ala. 430, 20 South. 136. In *Greer v. Powell,* 64 Ky. 489, it is held "that a personal representative as well as any other necessary parties may be brought before the court by amended pleadings." Counsel for defendants in error distinguish the Kentucky case by saying that the opinion is based upon a statute which authorizes a revivor by amendment, whilst our statute in relation to revivor is mandatory. This court in a decision recently handed down (*Boyes v. Masters,* 28 Okla. 409), held that the remedy furnished by our statute of revivor is not exclusive; that the court has power in the exercise of sound discretion to allow the action to be prosecuted against the legal representatives of the deceased party, and allow them to be brought in by supplemental petition.

For the reasons stated, we believe it was error for the court below to render judgment upon the pleadings, and its judgment is therefore reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.