# MISSOURI, O. & G. RY. CO. v. GENTRY.

No. 880.　Opinion Filed March 12, 1912.

(122 Pac. 537.)

1. **ABATEMENT AND REVIVAL**—Actions—Substitution of Next **Friend.** In an action brought under the laws existing in the Indian Territory at and prior to the erection of the state for a ward by a guardian for damage to real estate, the ward was the real party in interest, and, the guardian having died prior to the final determination thereof, section 3436 (Mansf. Dig. sec. 5231; S. & H. sec. 5920), Ind. Ter. St. 1899, has no application.

 (a)　Section 3160 (Mansf. Dig. sec. 4955; S. & H. sec. 5645; G. D. sec. 4491), Ind. Ter. St. 1899, applies.

 (b)　It was permissible for the court by order to permit said cause to be prosecuted to a final determination by the next friend of such minor.

2. **RAILROADS**—Similar Fires—Evidence. Same as paragraph 1 of the syllabus in **St. Louis & S. F. R. Co. v. Shannon,** 25 Okla. 754, 108 Pac. 401, 21 Ann. Cas. 1209.

3. **EVIDENCE**—Report by Guardian. Certain fruit trees were alleged to have been destroyed by fire as a result of the railway company's negligence. The trees were the property of a minor whose guardian reported to the probate court the alleged damage and his estimate of the value of said trees damaged. Afterwards the minor, through her said guardian, instituted suit against the railway company for damages for the destroying of said fruit trees. The guardian having died, the action was continued in the name of said minor by her next friend. On the trial of said cause the railway company sought to introduce said inventory or report of said guardian as to the alleged damage to said trees and the estimated value fixed in said report by said guardian. **Held,** under the status of this record, to be inadmissible.

4. **RAILROADS** — Operation — Fires — Actions—Burden of Proof— Question for Jury. Under the law as it existed in the Indian Territory, the burden of proof was upon the plaintiff to establish the causal negligence of the defendant.

 (a)　When the plaintiff proved, if it did, that the fire was caused by sparks emitted by defendant's engine, that burden shifted to the defendant, and required it to establish, by a fair preponderance of evidence, that it had exercised reasonable care to provide the most effective mechanical contrivance in known practical use to prevent the burning of private property by the escape of fire from its engine.

(b)   No matter how much care is observed in the construction and operation of a locomotive on a railway track, it is always a question of fact for the jury to determine as to whether the railway company's permitting inflammable material to accumulate on its right of way was negligence, if it was ignited from sparks from the locomotive and fire was communicated from the right of way to adjacent property which was thereby destroyed.

(c)   For a railroad company to allow dry grass, weeds, and other combustible matter, which are the natural accumulations of the soil, to remain on the right of way, is not negligence per se; and the company would not be guilty of negligence and liable for losses resulting from fire occasioned by sparks emitted from its engine, igniting such accumulations, unless such accumulations were such as would not have been permitted by a cautious or ordinarily prudent man on his own premises, if exposed to the same hazard.

(Syllabus by the Court.)

' *Error from District Court, Muskogee County;*
*G. A. Brown, Judge.*

Action by Rachel Jane Gentry, *pro ami,* against the Missouri, Oklahoma & Gulf Railway Company.   Judgment for plaintiff, and defendant brings error.   Reversed, and new trial ordered.

*Preston C. West, William Mellette,* and *Edward R. Jones,* for plaintiff in error.

*William T. Hutchings,. George A. Murphey,* and *Wm. P. Z. German,* for defendant in error.

WILLIAMS, J.   This action for damages to realty, growing out of the alleged setting fire by a spark from a locomotive to certain premises, by which certain fruit trees and other fixtures were destroyed or damaged, was originally brought by William E. Gentry, as guardian for said minor, Rachel Jane Gentry, on March 17, 1906.   At the erection of the state, the case was transferred from the United States District Court of the Indian Territory at Muskogee to the state district court of Muskogee county.

The plaintiff in error and the defendant in error will be hereafter referred to respectively as defendant and plaintiff. .

On November 11, 1908, the attorney of record for plaintiff, in open court, suggested the death of the guardian, William E.

Gentry, and asked that Sallie Gentry be substituted as next friend for said minor. The order, as set out in the record, is as follows:

"Be it further remembered that on the 11th day of November, 1908, the defendant in error herein appeared in the district court of Muskogee county, state of Oklahoma, where this cause is pending, and suggested the death of William E. Gentry, guardian of the plaintiff, and further suggested that Sallie Gentry as next friend become the plaintiff in this cause, which motion was granted by the court, and the said Sallie Gentry is permitted to file her amended petition and on Friday, November 13, 1908, the said amended petition is filed. * * *"

Neither was any objection made nor exception taken at that time to the action of the court in said matter.

This being a pending action at the time of the erection of the state, the procedure as it existed in the Indian Territory applies. *Wheatland Grain & Lumber Co. et al. v. Dowden,* 26 Okla. 441, 110 Pac. 898; *M., K. & T. Ry. Co. v. Walker,* 27 Okla. 849, 113 Pac. 907; *Freeman v. Eldridge,* 26 Okla. 601, 110 Pac. 1057; *Pacific Mutual Ins. Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026; *St. Louis & S. F. R. R. Co. v. Cundeiff,* 171 Fed. 319, 96 C. C. A. 211.

Section 3160 (Mansf. Dig. sec. 4955; S. & H. D. sec. 5645; G. D. sec. 4491), Ind. Ter. St. 1899, provides:

"The action of an infant must be brought by his guardian or his next friend; but the court has power to dismiss it if it is not for the benefit of the infant, or to substitute the guardian of the infant or another person as the next friend."

The real party in interest was the minor. The guardian, in bringing said action, brings it in the name of the ward, by himself as guardian; in case of the next friend, in the name of the minor by himself as next friend.

Section 3436 (Mansf. Dig. sec. 5231; S. & H. sec. 5920), Ind. Ter. St. 1899, provides:

"In all cases where suits may be instituted, and either plaintiff or defendant may die pending the same, it shall be lawful for the court before which such suit or suits may be pending, on the motion of any party interested, to appoint a special administrator, in whose name the cause shall be revived, and said suit or

suits shall progress, in all respects, in his name with like effect as if the plaintiff or defendant (as the case may be) had remained in full life."

The revival contemplated in this case is where the party in interest died. For instance, had the ward died, the relation of guardian and ward would have ceased and the guardian would be required to make a settlement with the ward's administrator and action would be required to be prosecuted in the name of the administrator, or in some cases by the heirs. *Harper v. Seely,* Wright (Ohio) 390; *Wakefield v. Marr,* 65 Me. 34; *Harnett v. Morris,* 10 N. Y. Civ. Proc. R. 223; *Bentley v. Torbert,* 68 Iowa, 122, 25 N. W. 939; *Steelman v. Cox,* 3 N. J. Law, 953; *Zellner v. Cleveland,* 69 Ga. 631. The court in this case, the legal guardian having died, permitted the action to be prosecuted by a next friend, which it was authorized to do. However, no objection was made to said action of the court until December 15, 1908, after defendant's motion for a continuance had been overruled. Later, on the same day, its answer to the amended petition was filed. See, also, *Brown v. Hillman et al.,* 29 Okla. 205, 116 Pac. 775.

It is insisted that that part of the instruction, "that if the fire which injured the property described in the complaint was originally set on its right of way by sparks of fire emitted from defendant's engine, and afterwards communicated to said property, then the presumption will be that the fire resulted from defendant's negligence, and, to rebut such presumption, the defendant must show the fire and the communication thereof to said property did not result from the negligence of it, the said railway company, or its officers or employees, both as to the manner of equipping and handling the engine which set the fire and as to the condition of its right of way from whence the fire was communicated to the property in question," is erroneous in that it puts the burden upon the railway company to prove that it was not negligent in the manner of its maintaining its right of way.

This instruction went too far, in that it put the burden upon the railway company to show that it was not negligent in the

manner in which it kept its right of way in permitting the growth of weeds, grass, etc. *Kesee v. Chicago & N. W. R. R. Co.,* 30 Iowa, 78, 6 Am. Rep. 643; *B. &. M. R. R. Co. v. Westover,* 4 Neb. 274; *Gulf, Colorado & Santa Fe Ry. Co. v. Benson,* 69 Tex. 407, 5 S. W. 822, 5 Am. St. Rep. 74; *Kellogg v. Chicago & N. W. Ry. Co.,* 26 Wis. 228, 7 Am. Rep. 69; *Ohio & Mississippi R. R. Co. v. Shanefelt,* 47 Ill. 497, 95 Am. Dec. 504; *Indiana, I. & I. R. Co. v. Hawkins,* 84 Ill. App. 39.

The presumption was that the fire resulted from defendant's negligence as to the manner of equipping and handling the engine which set out the fire, if it was set out by sparks emitted from such engine, and the burden was upon the railway company to overcome this presumption. *St. Louis, I. M. & S. R. Co. v. Lawrence,* 4 Ind. T. 611, 76 S. W. 255; *Lesser Cotton Co. v. Railway Co.,* 114 Fed. 133, 52 C. C. A. 99; *Eddy v. Lafayette,* 163 U. S. 456, 16 Sup. Ct. 1082, 41 L. Ed. 225; Id., 49 Fed. 807, 1 C. C. A. 441.

But no such presumption arose as to the condition of the right of way. Although the railway company may not have been guilty of negligence as to the manner of equipping and handling the engine, and established that to a reasonable certainty to the satisfaction of the jury, yet, if in a negligent manner it permitted inflammable matter to accumulate upon its right of way and failed to remove the same and fire was set to such inflammable matter by its engine, though there was no negligence in the equipping and handling of said engine, and such fire was communicated to adjacent property of another and destroyed and damaged the same, there would be a liability for that act of negligence in the permitting or causing to accumulate the inflammable matter upon its right of way, such negligence to be proved just as any other fact would be established by the plaintiff. *Kellogg v. Chicago & N. W. Ry. Co.,* 26 Wis. 228, 7 Am. Rep. 69.

Further, although there may have been no negligence in the permitting or causing to accumulate inflammable matter upon the right of way, yet if there was negligence in the equipping and handling of the engine, and such negligence is presumed, and the

fire was set out on the right of way by sparks emitted from the engine and was communicated to the adjoining property of another, which was thereby destroyed, still the railway company would be liable. See, also, *Norfolk & Western R. Co. v. Fritts,* 103 Va. 687.

The other errors complained of are not likely to arise upon another trial, and for that reason we will not consider them.

It follows, for the error in the foregoing instruction, that the cause must be reversed, and a new trial ordered.

All the Justices concur.