## MISSOURI, O. & G. RY. CO. v. GENTRY *et al.*

No. 5834.  Opinion Filed November 9, 1915.

(152 Pac. 1076.)

**RAILROADS—Fires—Instructions— Prima Facie Proof—Negligence.**
Numerous instructions set out and discussed in the opinion, and
**held,** that they fairly state the law as it existed in Indian Ter-
ritory prior to statehood.

(Syllabus by Brewer, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action by Rachael Jane Gentry and others against
the Missouri, Oklahoma & Gulf Railway Company.  Judg-
ment for plaintiffs, and defendant brings error. Affirmed.

*E. R. Jones, J. C. Wilhoit,* and *Arthur Miller,* for
plaintiff in error.

*W. T. Hutchings, W. W. Noffsinger,* and *Y. P.
Broome,* for defendants in error.

Opinion by BREWER, C.  This action was com-
menced in the Western District of Indian Territory on
the 17th day of May, 1906, to recover damages for the
destruction of an orchard by fire, alleged to have been
negligently set out by the plaintiff in error, defendant
below.  After the erection of the state, the cause was
transferred by operation of law to the district court of
Muskogee county, where a trial was had, resulting in a
verdict against the railway company, from which an ap-
peal was prosecuted to this court, resulting in a reversal
of the case, in an opinion reported in 31 Okla. 579, 122
Pac. 537.  After reversal and remand, another trial was
had, which likewise resulted in a verdict against the rail-

way company, and from the result of this second trial, the present appeal is prosecuted.

The cause of action alleged herein having occurred, and the suit on same having been begun, prior to statehood, the laws in force in Indian Territory, as construed by its Court of Appeals, and by the Circuit Court of Appeals of the United States for the Eighth Circuit, and by the United States Supreme Court, are controlling. The decisions based upon the statutes of this state are nowise involved or in mind in the discussion to follow.

The only errors assigned and urged here for a reversal are predicated upon the giving by the court of instructions numbered 9, 14, 15 and 16, each of which will be disposed of under a separate head.

1. Instruction No. 9 is as follows:

"The evidence before you, if any, which tends to show the setting by defendant's engine of other fires than that which is alleged to have damaged the property mentioned in plaintiff's complaint, and which occurred about the same time, can be considered by you only in determining the manner in which defendant's engine, and especially the engine which is alleged to have set the fire that injured plaintiff's property, was equipped and handled, but cannot consider such evidence for any other purpose than here stated."

The objections urged against this instruction are: (1) That it does not limit the inquiry as to other fires to the particular engine which, it is alleged, caused the fire in question; and (2) that the word "handled" renders it improper and injurious. Neither of these objections appears to be sound. In the first place, the instruction appears to be dealing with the engine involved in this case, and especially when read in connection with the evi-

dence in relation to other fires, it is quite certain that the court, counsel, and the jury knew that the instruction referred to the specific engine, through the operation of which it is alleged the fire was started. Besides, a similar instruction has been approved in *Texas & Pac. R. Co. v. Watson,* 190 U. S. 289, 23 Sup. Ct. 682, 47 L. Ed. 1057, in which case it is said:

"In several assignments it is claimed that the Circuit Court of Appeals erred in holding that the trial court properly admitted the evidence of witnesses to the effect that at or about the time of the fire complained of, and about the time of the passing of the locomotive which it was charged occasioned the fire, the witnesses observed other fires at various points not far removed from the place where the cotton was burned, and south of and near to the railway track. In the light of the decision of this court in *Grand Trunk R. Co. v. Richardson,* 91 U. S. 454, 470, 23 L. Ed. 356, 362, we think this evidence was competent as having a tendency to establish that the destruction of the property of the plaintiff was caused by the locomotive in question, and as tending to show negligence in its construction or operation."

The word "operation," as used above by the Supreme Court of the United States, carries substantially the same meaning as "handled."

The same rule appears also to have been sustained in *Lesser Cotton Co. v. St. Louis, I. M. & So. R. Co.,* 114 Fed. 133, 42 C. C. A. 95, and in *Gulf, C. & S. F. Ry. Co. v. Johnson,* 54 Fed. 474, 4 C. C. A. 447. As above indicated, the decisions of these courts were controlling on the courts of the Indian Territory. The objection to this instruction, therefore, cannot be sustained.

2. Instruction No. 14 follows:

"The court further instructs the jury that evidence of a railway company allowing combustible material to accumulate on its track and right of way which is liable to take fire from sparks escaping from passing engines and communicate it to adjacent property, is sufficient to warrant the jury in imputing negligence to the company."

In the case of *Eddy v. La Fafayette,* 163 U. S. 456, 16 Sup. Ct. 1082, 41 L. Ed. 225, which case arose in Indian Territory, an instruction in the identical language of the one complained of is set out at page 466 of 163 U. S., at page 1086 of 16 Sup. Ct., at page 229 of 41 L. Ed., after quoting which, the court said:

"* * * And that instruction was assigned for error in the Circuit Court of Appeals, whose refusal to hold the same to have been erroneous is complained of here. We think that part of the charge was plainly correct, and no error was committed by the Circuit Court of Appeals in sustaining it. As we read the instructions given by the trial court, the jury were not told that the action of the railway company in allowing combustible materials to accumulate upon its track and right of way which was liable to take fire from sparks and communicate it to adjacent property was negligence of itself, but was a fact from which, in the circumstances shown, the jury might infer negligence."

The trial court evidently copied this instruction from the opinion of the Supreme Court of the United States in the above case, and therefore the objection to same cannot be sustained.

3. Instruction No. 15 follows:

"The court further instructs the jury that evidence showing that a fire originated from sparks of a passing engine is *prima facie* proof of negligence, and the burden shifts on the railway company to show that it was guilty of no negligence."

This instruction was likewise probably copied from the opinion of the Circuit Court of Appeals in the case of *Eddy v. La Fayette, supra,* which was appealed to the Supreme Court of the United States, and which has been cited and quoted from above. In the opinion in that case (49 Fed. 807, 1 C. C. A. 441), this instruction appears to have been discussed and upheld, as is shown at page 812 of the opinion (1 C. C. A. 446). In the opinion rendered later by the Supreme Court of the United States in said case, this particular instruction is not discussed specifically, but in the opinion it is said:

"Nor do we find any error in the treatment given by the Circuit Court of Appeals to the several assignments respecting the trial court's instructions on the subject of the respective duties of the railroad company and of the plaintiffs."

This same instruction seems to have been approved in the former decision of this case by this court. To say the least of it, it came under review and did not occasion the reversal that resulted. Subdivision "a" of syllabus paragraph 4 (31 Okla. 579, 122 Pac. 537) follows:

"When the plaintiff proved, if she did, that the fire was caused by sparks emitted by defendant's engine, that burden shifted to the defendant, and required it to establish, by a fair preponderance of evidence, that it had exercised reasonable care to provide the most effective mechanical contrivance in known practical use to prevent the burning of private property by the escape of fire from its engine."

See, also, *St. Louis, I. M. & So. R. Co. v. Lawrence,* 4 Ind. T. 611, 76 S. W. 254.

4. Instruction No. 16 follows:

"It is the duty of a railway company to keep its right of way clear of combustible materials, and failure to do so is a circumstance showing negligence."

In *Eddy v. La Fayette*, 49 Fed. 812, 1 C. C. A. 441, it is said:

"It (the court) further directed the jury that it was the duty of a railway company to keep its right of way clear of combustible materials, and that its failure to do so was a circumstance showing negligence."

. As has been seen above, in discussing instruction No. 15, the treatment of the instructions by the Circuit Court of Appeals, and the holding regarding same, met with the approval of the Supreme Court of the United States in the opinion rendered therein by that court. Therefore the objection to this instruction is not well taken.

As has been shown in the foregoing, these instructions appear to have been selected by the court from controlling authorities; but it is only fair to add that the entire case, and every possible phase of it, was fairly covered by other very carefully prepared instructions, which would have been ample and sufficient, without the giving of these. In fact, taking the instructions as a whole, those complained of here, and the 10 or 12 not complained of, the law was stated to the jury in as favorable a light as the railway company had any reason to expect.

This results in an affirmance of the case.

By the Court: It is so ordered.