O. P. UPDEGRAFF *et ux.* V. A. T. LUCAS, *as Sheriff, etc., et al.*

No. 14,873.    (93 Pac. 630.)

SYLLABUS BY THE COURT.

1. PETITION—*Demurrer—Prayer for Relief.* A petition which otherwise states a cause of action is not subject to a demurrer for the reason that it seeks to recover more or different relief than that to which plaintiff is entitled.

2. INJUNCTION — *Execution — Dormant Judgment.* Injunction will lie to enjoin an execution upon a dormant judgment. The plaintiff in such a suit does not thereby seek to use the statute of limitations as a sword, but as a shield to protect something which the law has already given him—the right not to have his property taken upon void process.

3. JUDGMENTS—*Dormancy—Death of Judgment Creditor— Nominal Party.* A judgment becomes dormant upon the death of the judgment creditor, although the action was prosecuted by one having no beneficial interest therein, and the judgment belongs, in fact, to another; and under such circumstances, where no proceedings to revive the judgment have been taken within one year after the death of plaintiff in the action, an execution issued upon the judgment is void and may be enjoined.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed November 9, 1907. Reversed. Opinion denying a petition for a rehearing filed February 8, 1908.

*A. B. Quinton,* and *Eugene S. Quinton,* for plaintiffs in error.

*James E. Larimer,* and *J. G. Slonecker,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: This proceeding in error raises the sufficiency of a petition and answer and various rulings of the court thereon. Plaintiffs in error were plaintiffs below. Their petition was filed January 31, 1905, by which it was sought to enjoin a sheriff's sale. It was

supported by affidavits, and the temporary injunction was allowed by the court on the same day.

Subsequently, upon motion, the court required plaintiffs separately to state and number their causes of action, and an amended petition was filed. This petition alleged that plaintiffs owned certain real estate in the city of Topeka; that they were defendants in a suit to foreclose a mortgage in the district court of Shawnee county, in which Maria H. Hotchkiss was plaintiff, and in which, on January 26, 1900, she recovered judgment against them; that the real estate covered by the mortgage had been sold under the foreclosure, leaving a balance due thereon of $220, which had not been paid; that Maria H. Hotchkiss, plaintiff in the foreclosure proceedings, died in the city of New York on the 10th day of November, 1901, without leaving any last will and testament; that an administrator of her estate was duly appointed in December, 1901; that the judgment rendered in the foreclosure suit was never revived nor made a lien upon plaintiffs' real estate, and thereby became and was dormant; that, notwithstanding the dormancy of the judgment, defendants, in violation of the rights of plaintiffs, and in order to subject them to the annoyance of an action at law for the protection of their property, had sued out an execution on the judgment in December, 1904, directed to the sheriff of Shawnee county, and that the sheriff in obedience thereto levied upon the real estate belonging to plaintiffs and advertised the same for sale, and that unless restrained by the court would on a certain day sell the same at sheriff's sale to satisfy the execution. It was also alleged that the judgment constituted a cloud on plaintiff's real estate.

In the prayer for relief plaintiffs asked that their title to the real estate be established against the adverse claims of defendants and that the latter be barred and forever estopped from claiming any right or title adverse to plaintiffs in the real estate, and that defendants

be enjoined by the order of the court from proceeding any further in the action, and for costs.

To this an answer was filed which admitted the death of Maria H. Hotchkiss but alleged that she only appeared to be plaintiff in the foreclosure proceedings, and that the real parties in interest were Charles H. Bissell and William L. Bissell; that long before the foreclosure proceedings were commenced Maria H. Hotchkiss, by a deed of trust, a copy of which was attached to the answer, had conveyed all her interest in the note and mortgage to them as trustees, and had authorized them by the deed of trust to maintain an action in her name thereon, and that the cause of action, although prosecuted in the name of Maria H. Hotchkiss, was, in fact, the cause of action of Charles H. Bissell and William L. Bissell, who were then and ever since have been and are now the owners of the estate and property rights, real and personal, of Maria H. Hotchkiss, and of the judgment rendered in her name; that the foreclosure had been commenced long after the acceptance by them of the trust created by the deed of trust.

Plaintiffs demurred to the answer. The court overruled the demurrer as to the answer, and carried the demurrer back to the petition and sustained it.

Afterward, another petition was filed setting up the same facts, except that it omitted certain allegations in the former with reference to damages sustained, and asked that the injunction be made perpetual. This the court ordered stricken from the files, on the ground that it was inconsistent with the former petitions and constituted a departure. The court made an order dissolving the temporary injunction, and rendered judgment against plaintiffs for costs.

The merits of the controversy can best be determined by considering the sufficiency of the petition and the answer. It is the contention of defendants that the petition is demurrable because it sets up an affirmative

·cause of ·action based ·upon the statute of limitations, and such appears to be the conclusion reached ·by the ·court.

There are cases· holding that equity will. not enjoin an ·execution upon·a dormant judgment. (See. 16 A. & E. Encycl. of L. 404.)   We fail to find in. any of them, however, a suggestion. that the suit cannot be maintained· because plaintiff thereby seeks to use the statute. ·of limitations as a sword instead .of ·a shield, or seeks .affirmative .relief based upon the statute.   They pro·ceed upon the theory. that plaintiff has an· adequate remedy at law by motion in the· original action to recall the execution, or, as. in *Hanson·v. Johnson,* 20 Minn. 194, that a sale under such an execution. would ·not cast any cloud on plaintiff's land.   The weight of authority, however, is that a suit will lie to enjoin an execution on a dormant judgment, notwithstanding, plain-tiff may have a different remedy by· proceeding. by .mo-tion in the original action.   (See 16 ·A. & E. Encycl. of L. 404; 2. Freeman, Judg., 4th ed., § 497.)

By this proceeding plaintiffs do not· seek to use the statute for the purpose of securing anything. except that to which they are already entitled; they seek to hold what the law has already given them—the right ·to their property as ·against a void ·execution.

The prayer for relief does not determine the nature ·or extent of the relief to which plaintiffs are entitled. It is not a. part. of the .cause of action in that sense. (*Smith v. Smith,* 67 Kan. 841, 73 Pac. 56, and cases ·cited.). The law determines the relief to which a plain-tiff is entitled upon. the facts averred.   Nor does. a pe-tition become demurrable because from its averments it ·seeks to recover more than plaintiff is entitled to, if it ·otherwise states a cause of action.

The petition alleged that an execution had been is-·sued·upon a dormant judgment, and. that unless. re-:strained by the court the sheriff would· proceed. to .sell .at public sale the real estate belonging to plaintiffs.

The fact that it contained other averments upon which plaintiffs asked that their title be quieted against the judgment does not affect the former averments. We think the petition stated a good cause of action, and that the court erred in sustaining the demurrer.

The demurrer to the answer should have been sustained. None of the facts stated therein could affect the dormancy of the judgment. The statute declares the conditions which render a judgment dormant, and provides the manner in which it may be revived. (Code, §§ 430, 433, 434, 439; Gen. Stat. 1901, §§ 4880, 4883, 4884, 4889; *Seeley v. Johnson,* 61 Kan. 337, 59 Pac. 631, 78 Am. St. Rep. 314.) There is no exception provided by which a judgment in the name of one person shall be kept alive after his death by a showing that the cause of action or the judgment in which it merged belonged, in fact, to another.

The court erred in dissolving the temporary injunction, and in striking from the files the petition of plaintiffs. For these reasons the judgment is reversed and the cause remanded for further proceedings in accordance herewith.

---

OPINION DENYING A PETITION FOR A REHEARING.
(94 Pac. 121.)

The opinion of the court was delivered by

PORTER, J.: An application for a rehearing is based upon the claim that the court overlooked the case of *Johnson v. Wynne,* 64 Kan. 138, 67 Pac. 549, which it is insisted is a parallel case in the facts, and it is claimed that the decisions are in direct conflict. In that case the judgment debtor brought a suit to quiet title to his property, as against the apparent lien of a judgment, and to cancel the judgment and discharge the same of record. It is true that the grounds set up for relief were identical with those relied upon in the petition in this case—that the judgment creditor had died and more than one year had elapsed without a

revivor—and it was claimed that the judgment was dormant and barred by the statute of limitations. A demurrer was sustained to an answer and cross-petition asking that the judgment be declared a lien upon the real estate, and this court held that the trial court erred; that the demurrer should have been carried back to the petition and sustained; that as against the petition any answer was sufficient for the reason that the petition asked for affirmative relief and relied solely upon the statute of limitations. In the opinion it was said: "Plaintiffs are not satisfied with protecting themselves with a shield, but attack their adversaries with a sword." (Page 141.)

The petition in the present case must be considered solely as one seeking to enjoin the sale under an execution issued upon a dormant judgment. True, the petition first filed asked that the title to plaintiffs' property be quieted as against the judgment, and also set up a claim for damages. An amended petition was filed striking out the claim for damages and for quieting the title, and whether they were stricken or not is immaterial, because, as against a demurrer, they were mere surplusage so long as the petition stated a valid cause of action. The amended petition sought only to enjoin the sale under the execution. In *Johnson v. Wynne* no relief by injunction was asked. In the former opinion in this case it was expressly held that plaintiffs were not entitled to maintain the suit for the purpose of quieting their title as against the judgment. So far, the opinion is in perfect harmony with that of *Johnson v. Wynne,* but it was further held that they could maintain the suit for the purpose of preventing the sale of their property under a void execution. These are the differences in the facts of the two cases, and, in our opinion, are such that no conflict arises between the decisions. It would indeed be an ineffective shield of defense if the party who has the shield is prevented from interposing it between himself and the very danger against which

the shield was designed to afford him protection. If the man behind the shield can be assailed by his adversary the same as though no shield existed of what benefit is the shield?

Plaintiffs in this suit seek only preventive relief. They interpose the shield which the law has given them and ask the court, not to permit them to assail their adversary or to attack the judgment, or to have it canceled of record, but merely to prevent a sale of their property on an execution issued without authority of law upon a dormant judgment.

The affirmative acts of defendants, the owners of the judgment, give plaintiffs their cause of action. If the judgment debtor had not threatened to sell, and was not about to sell, plaintiffs' property under a void process, plaintiffs could not raise their shield. As stated in the former opinion, they only ask to be allowed to retain that which the law has already given them.

The application for a rehearing is denied.