STATE, SADLER, OVERSEER, v. ADOLPH JAPPSON,
PROSECUTOR.

Submitted July 10, 1911—Decided February 21, 1912.

The failure of a police justice in his original return to a *certiorari* to set forth the evidence on which his order of conviction rests may be cured by his further return in response to a rule upon him made upon a suggestion of diminution in the record.

On *certiorari.*

Before Justices GARRISON, TRENCHARD and KALISCH.

For the prosecutor, *John J. Stamler.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

GARRISON, J.   This writ of *certiorari* brings up the conviction of the prosecutor as putative father in bastardy proceedings and the order of filiation made against him.

The points urged by the prosecutor for the reversal of these orders are as follows:

*First.* That the police justice lost jurisdiction to make the orders by granting adjournments for a longer period than six weeks in all.

Assuming that section 7 of the Bastardy act (*Pamph. L.* 1898, *p.* 959) means what the prosecutor contends that it does, the irregularity was an error that affected the specific jurisdiction of the police justice (see *Attorney-General* v. *Sooy Oyster Co.,* 49 *Vroom* 394), and hence the point should have been taken in the proceedings below.   It was not, although the prosecutor was present during the trial.   As it is, for all that appears, the adjournments were granted to the prosecutor.

*Second.* The order that the prosecutor pay "the sum of $10 for costs and expenses of the confinement," is justified by the statute in which "costs" means not the costs of the action but the costs of sustenance during confinement.

*Third.* The death of the overseer of the poor by whom the action was commenced did not cause it to abate; it was brought not in a personal but in an official capacity.

*Fourth.* Assuming that the orders originally returned were defective in that they did not set forth the evidence on which the conviction rested, the defect was cured by the further return made by the police justice in response to a rule upon him obtained in accordance with the practice sanctioned by this court in *Rahway* v. *Hunt,* 45 *Vroom* 116, and *Eckerson* v. *Mitchell, Id.* 347.

The proceedings of the police justice are affirmed, with costs.