No. 18,450.

W. W. HARVEY, as Receiver, etc., v. L. C. WASSON et al. (MARY EDSON, as Administratrix, etc., et al., *Appellants;* R. C. POSTLETHWAITE, as Administrator, etc., *Appellee.*)

SYLLABUS BY THE COURT.

DORMANT JUDGMENT—*Death of Party after Judgment—Revivor Within Two Years.* The statute extending to two years the time within which a dormant judgment may be revived applies to the situation arising where a party dies after judgment; it authorizes the administrator to be made a party at any time within that period.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed December 6, 1913. Affirmed.

Harvey v. Wasson.

*Eugene S. Quinton, Joseph G. Waters,* and *John C. Waters,* all of Topeka, for the appellants.

*T. F. Garver,* and *R. D. Garver,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: John C. Postlethwaite died November 26, 1910, while owning a judgment against Willis Edson, who died May 11, 1911. On July 8, 1912, an order was made reviving the judgment in the names of the Postlethwaite administrator as plaintiff and the Edson administratrix as defendant. An appeal is taken, based principally on the contention that the law authorizes the making of such an order only within a year from the time it might first have been made.

The statute provides that where a party to an action dies before judgment a revivor in the name of his representative can only be had within a year, except by consent (Civ. Code, § 431), and where a party dies after judgment his representative may be made a party "in the same manner" (Civ. Code, § 436). Prior to 1909 a further section read: "If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment." (Civ. Code of 1868, § 440, Gen. Stat. 1901, § 4890.) The phrase "in the same manner" has been interpreted as implying that the limitation as to time applies in each case. (*Reaves v. Long,* 63 Kan. 700, 66 Pac. 1030.) In 1909 the section quoted was amended by adding the words "at any time within two years after it becomes dormant." (Civ. Code, § 437.) No change was made in the other sections referred to.

The appellants argue with much force that as the amendment extending the period of limitation to two years was attached to the section relating specifically to the revivor of a dormant judgment, and not to the section relating to the substitution of a new party where a death has taken place after judgment, the legislature

must be deemed to have intended the extension of time to be effective only in the case of a judgment which is dormant because no execution has been issued for five years. Upon the mere face of the statute this argument is very persuasive. But the question must be determined in view of interpretations made prior to the amendment.

In *Manley v. Mayer*, 68 Kan. 377, 75 Pac. 550, a judgment, upon which no execution had been issued for more than six years, was held to be still in force, because within that period one of the parties had died and a substitution of his representative had been made. The precise point decided does not directly control the present case. But to reach that decision it was necessary that the statute should be interpreted—should be given an effect beyond the literal meaning of the words employed. The statute reads: "If execution shall not be sued out within five years from the date of any judgment, . . . or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant." (Civ. Code, § 442.) In the case cited more than six years had elapsed without the issuance of an execution, and according to the letter of the statute the judgment had been dormant for over a year, and was therefore absolutely dead. That is, a period of five years had elapsed without an execution issuing, and then a year had passed without revivor. But the court held that the judgment became "dormant" when a party died; that the substitution of an administrator was a revivor; and that this proceeding created a new starting point, and made the judgment good for five years from that date, without execution. In the opinion it was said:

"The subject of the dormancy and revivor of judgments has given rise to much discussion and disagreement. The decisions in this state have departed radically from the law as construed elsewhere even under

similar statutes. . . . The statute does not under-
take to define dormancy and does not apply the term
to the condition arising upon the death of a party to a
judgment. But in Kansas (as perhaps in no other
jurisdiction) such condition is constantly spoken of as
dormancy, and a long line of decisions have assimilated
this condition to that of a judgment dormant for want
of the timely issuance of execution, until they must be
regarded as practically identical. . . . The anal-
ogy between the situation arising upon the death of a
party to a judgment and the condition ordinarily known
as dormancy must be determined in the light of the
construction already given these statutes by this court.
It is not clear whether the word 'dormant,' as applied to
judgments, had originally or has ordinarily a well-
defined technical meaning, but here it has by repeated
use been given a definition broad enough to cover judg-
ments that have not wholly lost their vitality, but which
can not support an execution for want of necessary par-
ties. . . . Whatever may be the rule elsewhere, in
Kansas the death of a party renders a judgment dor-
mant within the meaning of the statute." (*Manley v.
Mayer,* 68 Kan. 377, 394, 395, 396, 75 Pac. 550.)

This language, or the substance of it, was necessary
to the decision, and resulted in an interpretation of the
statute. To sustain the judgment there under consid-
eration it was necessary to hold that it had become dor-
mant, within the meaning of that word as used in the
statute, when the party died, and that making the ad-
ministrator a party resulted in a revivor. We think the
legislature must be deemed to have intended by the
amendment of 1909 to allow any "dormant" judgment
to be revived within two years, whether the dormancy
was occasioned by the failure to issue execution, or by
the death of a party.

An argument is also made, based upon language in
the opinion in *Green, Adm'r, v. McMurtry,* 20 Kan. 189,
that no revivor could be had against the administratrix
of the deceased defendant until there had been a re-
vivor in favor of the administrator of the deceased
plaintiff—that no revivor could be asked against the

defendant until there was a living plaintiff to ask it. The difficulty is purely verbal. The statute authorizes a substitution of a successor "if either or both parties die after judgment." (Civ. Code, § 436.) In that situation the judgment, though lacking a formal plaintiff and defendant, is still a judicial determination of the existence of a claim in favor of one representative, against the property in the hands of another.

The judgment is affirmed.