**Minna Sprengel, Defendant in Error, v. Arthur Schroeder, Administrator, Plaintiff in Error.**

**Gen. No. 22,505.    (Not to be reported in full.)**

Error to the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 8, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Minna Sprengel, plaintiff, against Arthur Schroeder, administrator *de bonis non* with the will annexed of the estate of Henry Hochbaum, deceased, defendant, to recover damages for personal injuries sustained as the result of falling through a trapdoor left open by defendant's testator on premises rented of him by plaintiff's husband. From a judgment for plaintiff for $4,000, defendant brings error.

The accident to plaintiff, damages for which are sought to be recovered in this action, happened by her

falling through a trapdoor left open by defendant's testator. The declaration consisted of two counts, in the first of which Henry Hochbaum was alleged to be in "possession and control" of the building of which the trapdoor was a part; that plaintiff's husband was a tenant in said building, where plaintiff and her family resided; that Hochbaum negligently caused a certain trapdoor in the sidewalk in front of said premises to be and remain open, rendering said sidewalk not reasonably safe for plaintiff and others going to and from the tenements in said building, and that plaintiff while exercising ordinary care and caution on her part stepped into said trapdoor, left open by reason of Hochbaum's negligence, and fell, receiving severe bodily injuries, internal, external, permanent and otherwise, etc. The second count was similar to the first, but alleged that plaintiff was a tenant of Hochbaum. To this declaration three pleas were filed, one the general issue, the second denying that Hochbaum owned or controlled the premises of which the trapdoor was a part, and the third denying that Hochbaum left open the trapdoor, etc.

AUGUST MARX and AUGUST R. MARX, for plaintiff in error.

OTTO W. JURGENS, for defendant in error; GEORGE H. MASON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 824*—*what must be preserved in bill of exceptions.* An exception to a trial court's action in striking

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

special pleas from file cannot be availed of where such exception is not preserved in the bill of exceptions.

2. APPEAL AND ERROR, § 824*—*when exceptions to ruling of court must be preserved in bill of exceptions.* Exceptions to the ruling of the trial court in overruling the motion for new trial and in arrest of judgment and in entering judgment upon the verdict which are contained in the record but are not in the bill of exceptions are unavailable upon review.

3. LANDLORD AND TENANT, § 10*—*when relation exists.* The relation of landlord and tenant exists between the occupant of premises and another person where the occupant pays to such person rent and such person receives the money as rent and such person is in possession and control of the premises.

4. LANDLORD AND TENANT, § 226*—*what is duty of landlord as to keeping trapdoor in common sidewalk in repair.* It is the duty of the landlord to keep a trapdoor in a sidewalk used in common by the tenants of a building in a reasonably safe condition, and failure to do so involves the landlord in a liability for resulting injuries where the injured person is in the exercise of ordinary care for his or her own safety.

5. APPEAL AND ERROR, § 1456*—*when striking of special pleas is harmless error.* The striking of special pleas from the files is harmless error where the matters contained therein are covered by a plea of general issue.

6. PLEADING, § 100*—*what is admitted by plea of general issue.* The plea of general issue in an action by a tenant against his landlord for damages for personal injuries sustained by the tenant due to the negligence of the landlord in allowing the premises to be in an unsafe condition, where the declaration avers that the defendant owns and controls the premises, admits such ownership and control.

7. LANDLORD AND TENANT, § 258*—*when evidence is sufficient to show exercise of due care by tenant using common sidewalk.* In an action by a tenant against a landlord-for damages for personal injuries sustained as the result of falling through a trapdoor on the premises left open by the landlord, where it appeared that the trapdoor was located in a common sidewalk used by all the tenants of the building, evidence *held* sufficient to show that plaintiff was in the exercise of due care for her own safety at the time of the accident.

8. LANDLORD AND TENANT, § 234*—*what care is required of tenant using common sidewalk.* A tenant using a sidewalk on premises used in common by other tenants of the building is not required

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to be on the lookout for open trapdoors, although she may have known of the existence of such a trapdoor.

9. LANDLORD AND TENANT, § 259*—*when contributory negligence tenant falling in open trapdoor in common sidewalk is question for jury.* In an action by a tenant against a landlord for damages for personal injuries sustained as the result of falling through a trapdoor, which had been negligently left open by the landlord, and which was used in common by the tenants of the building, *held* that it was a question for the jury whether the plaintiff was guilty of contributory negligence in not observing that the trapdoor was open.

10. LANDLORD AND TENANT, § 257*—*when counts in declaration for damages for personal injuries are not inconsistent.* In an action by a tenant against a landlord for damages for personal injuries sustained as the result of a defective condition of the premises, *held* that a count alleging that the plaintiff was the tenant of the defendant was not inconsistent with another count alleging that plaintiff's husband was a tenant of defendant.

11. DAMAGES, § 106*—*when averment of declaration is sufficient to admit proof of fracture of the femur.* In an action for damages for personal injuries, *held* that under an averment of the declaration that plaintiff had received severe bodily injuries, internal, external, permanent and otherwise, which had from the time of the injury and would for the rest of her life disable her from attending to her affairs and business, evidence that plaintiff as the result of the injury suffered an impacted fracture of the femur, with resultant permanent shortening of the leg and consequent disability, was admissible.

12. APPEAL AND ERROR, § 1236*—*when defendant is estopped to complain that a hypothetical question is improper.* Where, in an action for personal injuries, a hypothetical question is put to plaintiff's attending physician and no omission is pointed out by the defendant when an objection to the question is made, but he simply makes objection to the question on the ground of omitted facts, and when asked to specify any omitted fact fails to do so or to specify any fact omitted or any statement in such question which was not justified, he is estopped on appeal to complain that the hypothetical question was improper.

13. EVIDENCE, § 435*—*when hypothetical questions are proper.* The party seeking the opinion of an expert must put his case as he claims it is proven and take the opinion of the witness thereon, leaving the jury to determine whether the case, as put, is the one proven.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

14. APPEAL AND ERROR, § 1540*—*when reference to declaration in instruction is harmless error.* It is not reversible error in a personal injury action to instruct the jury that the plaintiff is entitled to recover if they find defendant guilty of the negligence charged in the declaration, where the jury are also told that as a condition precedent to a finding against the defendant they must find that the plaintiff was at and prior to the time of the accident in the exercise of due care for her own safety.

15. ABATEMENT AND REVIVAL—*when action for personal injuries does not abate.* An action for personal injuries against a deceased person does not abate upon the death of the executrix of his estate, but such suit may be prosecuted against an administrator *de bonis non* with the will annexed who is substituted in place of the deceased executrix.

16. DAMAGES, § 241*—*when verdict of jury will not be disturbed on ground of excessiveness.* The amount of damages recoverable in a personal injury action is largely a matter for the jury, and when the jury are not affected by prejudice or passion in rendering the verdict it will not be disturbed on appeal.

17. DAMAGES, § 124*—*when verdict for personal injuries is not excessive.* A verdict for $4,000 in favor of a woman who suffered an impacted fracture of the femur with resultant permanent shortening of the leg and consequent disability, *held* not excessive.