No. 22,504.

R. C. POSTLETHWAITE, as Administrator, etc., *Appellee and Appellant,* v. FRANK P. EDSON and JESSIE L. MCCABE, *Appellants and Appellees.*

### SYLLABUS BY THE COURT.

1. WILL—*Not a Conveyance or an Alienation of Homestead.* The former ruling (*Postlethwaite v. Edson,* 102 Kan. 104, 171 Pac. 769), that the will was not an alienation or conveyance of the homestead, is followed and adhered to.

2. JUDGMENT — *Against Directors of Corporation — Contribution.* As against the defendants, the plaintiff's right to compel contribution from the estate of a deceased person has been established by former judgments.

3. SAME—*Revivor.* A judgment that has been revived against the administratrix of the estate of a deceased person need not be again revived on the death of the administratrix.

4. CREDITOR'S BILL—*Findings of Ownership of Property.* A finding of the court concerning the ownership of real property will not be disturbed where there is evidence to support the finding.

5. SAME—*Right to Trial by Jury.* In an action in the nature of a creditor's bill to subject certain lands to the payment of the plaintiff's claim, it is not error to refuse to submit to a jury the question of the title to the property.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 7, 1920. Affirmed.

*Eugene S. Quinton,* of Topeka, for the appellants.
*T. F. Garver,* of Topeka, for the appellee.

Postlethwaite v. Edson.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment declaring a lien on an undivided one-half of certain real property in the city of Topeka, and ordering that the one-half of the real property be sold for the payment of the amount of the lien, $1,000, and interest thereon, and costs.

On January 12, 1907, judgment was rendered in the district court of Shawnee county in favor of W. W. Harvey, as receiver of the Masonic Mutual Benefit Society of Kansas, and against L. C. Wasson, George W. Clark, Albert K. Wilson, James P. Howe, John C. Postlethwaite, Willis Edson, and Alfred A. Rodgers. From that judgment an appeal was taken to this court and the judgment of this court is found in *Harvey v. Wasson*, 74 Kan. 489, 87 Pac. 720. Execution was issued on that judgment, and Postlethwaite paid it. He filed with the clerk of the district court notice of his payment of the judgment and of a claim to contribution and repayment. Postlethwaite died on November 26, 1910, and Robert C. Postlethwaite was appointed administrator of his estate. Willis Edson died on May 1, 1911, and Mary Edson was appointed administratrix of his estate on May 12, 1911.

On July 8, 1912, on the application of Robert ·C. Postlethwaite, the administrator of John C. Postlethwaite, the judgment of Harvey, as receiver; was revived against Mary Edson, as administratrix of the estate of Willis Edson. An appeal was taken to this court on the judgment of revivor, *Harvey v. Wasson* (supra). Mary Edson died in April, 1914. The present action, one to subject the real property in controversy to the payment of the claim of John C. Postlethwaite for contribution on account of his satisfaction of the judgment in *Harvey v. Wasson* was commenced on May 4, 1914.

Frank P. Edson and Jessie L. McCabe are children of Willis Edson and Mary Edson and are the devisees of the property in controversy under the joint will of Willis Edson and Mary Edson. Judgment was rendered in favor of Frank P. Edson and Jessie L. McCabe, and Robert C. Postlethwaite, as administrator, appealed therefrom. The judgment of the district court was reversed, and the cause was remanded for

further proceedings (*Postlethwaite v. Edson*, 98 Kan. 444, 155 Pac. 802). The action was again tried in the district court, and it then resulted in a judgment in favor of the plaintiff, and the defendants appealed. That judgment was modified and the cause remanded for further proceedings (*Postlethwaite v. Edson*, 102 Kan. 104, 171 Pac. 769). An application for a rehearing was granted, and the judgment of this court on that application is found in *Postlethwaite v. Edson*, 102 Kan. 619, 171 Pac. 769, where the decision and opinion in *Postlethwaite v. Edson*, 102 Kan. 104, were adhered to. When the action was again tried in the district court, judgment was rendered in favor of the plaintiff, and the defendants have again appealed.

1. The first proposition argued by the defendants is:

"That this property was conveyed by the joint and mutual will of Willis Edson and Mary Edson, free from debt, that took effect upon the death of Willis Edson as to the fee, the right of possession, only, passing at the death of Mary Edson."

This is the same question that was presented and decided in *Postlethwaite v. Edson*, 102 Kan. 104 and 619. The defendants insist that this court there committed error, and argue that the same questions are now before the court and should be again considered, and the error be corrected. If an error was committed, the court should not and would not hesitate to correct that error. The question presented has again been considered, and the conclusion formerly reached is adhered to.

The defendants cite *Lewis v. Lewis*, 104 Kan. 269-274, 178 Pac. 421, and argue that by the decision in that case this court overruled its decision in *Postlethwaite v. Edson*, 102 Kan. 104 and 619. In one particular the cases are parallel; each involved a mutual and joint will made by husband and wife. Further than that the cases are not parallel. In *Lewis v. Lewis*, the husband survived the wife, again married, and then died. His widow sought to recover one-half of the property owned by him. The court held that T. W. Lewis could not revoke his part of the mutual and joint will by a second marriage. In the present case the defendants argue that a devise of the homestead gave to them that homestead free from the claim of general creditors. The two propositions are

widely separated, and one cannot be logically cited in support of a contention in favor of the other.

2. The second claim of the defendants is, "That John C. Postlethwaite, if he were living, could not compel contribution from Willis Edson, if he were living, in this case." This claim arises out of the following circumstances. John C. Postlethwaite and his codefendants in *Harvey v. Wasson* were directors of the Masonic Mutual Benefit Society. The directors sold the assets and affairs of the society to the Northwestern Life Assurance Company of Illinois, without reserving funds sufficient to pay all existing claims against the society. Willis Edson, as one of the directors, opposed the sale and transfer and did all he could to prevent it. The defendants argue that because of his action in opposing the sale and transfer of the assets and affairs of the Masonic Mutual Benefit Society, Willis Edson was not liable to John C. Postlethwaite on account of the judgment rendered in *Harvey v. Wasson;* that John C. Postlethwaite could not compel contribution from Willis Edson; that the estate of Willis Edson cannot be compelled to pay contribution; and that, therefore, the property devised to the defendants cannot be subject to the payment of such contribution. This argument is met by the plaintiff by an allegation in his reply, and by evidence tending to prove the allegation, that this question had been adjudicated and is not now open for consideration. When the judgment of Harvey, receiver, was revived against Mary Edson, administratrix, on the application of Robert C. Postlethwaite, adminstrator of the estate of John C. Postlethwaite, Mary Edson filed an answer in the revivor proceeding in which she alleged:

"That this judgment was recovered against the defendants for the wrong and misconduct of the defendants as directors of The Masonic Mutual Benefit Society of Kansas, in disposing of its assets and without providing for the death loss made the basis of said judgment; that Willis Edson was one of the directors and voted against the disposing of said assets, and was in no way guilty of wrong or misconduct as such director and did all that he could to prevent the same, and that J. C. Postlethwaite urged, argued and voted for the disposition of such assets and that as to J. C. Postlethwaite and his administrator after his decease, the said Mary Edson, as administratrix, has a full and just defense and asks that it may be submitted to a jury for trial, or that the right of contribution and the right of the administrator to recover may be presented regularly as a claim against the estate of Willis Edson, before the Probate Court of Shawnee County."

With this answer on file, the judgment was revived. On appeal to this court this question was not presented in the briefs nor discussed in the opinion, *Harvey v. Wasson*, 91 Kan. 70, 136 Pac. 919.

On September 30, 1916, in the present action, judgment was rendered by the district court as follows:

"Now, on this 30th day of September, 1916, the court having duly considered the issues and the evidence in this case, finds for the plaintiff and against the defendants: and the court finds that on account of the matters alleged in plaintiff's petition there is due and owing plaintiff on his claim against the estate of Willis Edson, deceased, the sum of $1000.00, and that the same is a lien on the property described in plaintiff's petition, to wit, lots 246 and 248 on West Eighth Street in the City of Topeka, Shawnee County, Kansas.

"It is therefore adjudged and decreed by the court that plaintiff is entitled to recover from the estate of Willis Edson, deceased, said sum of $1000.00, and plaintiff is adjudged and decreed to have a lien on the above described lots for said sum with interest from this date, and the costs herein taxed at $ ———."

In this judgment the real property described was ordered sold to pay the amount due the plaintiff. From this judgment an appeal was taken, and the decision thereon is found in *Postlethwaite v. Edson*, 102 Kan. 104, 171 Pac. 769; Id., 102 Kan. 619, 171 Pac. 769. On this appeal this court, in 102 Kan. 104, said:

"The case was first here on appeal from an order overruling a demurrer to the answer. When it reached the lower court the defendants amended their answer, parts of which were stricken out on motion of the plaintiff and a demurrer to the remainder was sustained, from which orders this appeal is taken. Hence, the question now before us is the claimed error in such ruling. The parts stricken out amounted to an allegation that the Edsons talked over the making of the will and expressed their intentions and desires, counseled with an experienced lawyer who drew the instrument and suggested a certain addition with which the testators were pleased. In other words, the trial court refused to permit the defendants to go into the conversations and intentions of the makers of the will, on the theory doubtless that it is plain on its face and needs no extrinsic aid for its proper construction. The remainder of the amended answer pleaded the homestead character of the land devised while occupied by the parents or their survivors, the separate homes elsewhere occupied by the defendants, that the homestead was procured by the joint efforts of the devisors and held by them as tenants in common.

"Error is assigned on sustaining a demurrer to all of the remaining answer except the general denial, because the judgment of the plain-

Postlethwaite v. Edson.

tiff was never a lien on this property; because the judgment was not against Mary Edson, the joint owner with her husband of the homestead; because the will is ambiguous and susceptible to explanation of the intention of its makers, and because it carried a fee to their survivor. The last reason is disposed of by the former decision. The first may be conceded, this suit being brought for the very purpose of subjecting the land to the payment of the plaintiff's judgment, which would be idle if it were already a lien thereon. This leaves only the second and third for consideration—the effect of the alleged one-half or joint ownership by Mrs. Edson, and the claimed ambiguity of the will." (p. 106.)

The order of this court was that—

"The judgment is modified as to the sustaining of the demurrer, and the cause is remanded for further proceedings in accordance herewith." (p. 115.)

That left the judgment finding that there was $1,000 due from the estate of Willis Edson to the plaintiff, unreversed. That part of the judgment was not attacked nor questioned. When the action was returned to the district court, the defendants amended their answer by setting up in defense the matters that had been set up by Mary Edson as administratrix when she resisted the revivor of the judgment of *Harvey v. Wasson.* The plaintiff, in reply to that answer, alleged that the matters therein set out had been adjudicated. The trial resulted in the judgment from which the present appeal is taken, a portion of which is as follows:

"It is Therefore Ordered and Adjudged by the court that the amount heretofore, and on the 30th day of September, 1916, found due to plaintiff herein by the judgment of this court, viz: the sum of $1,000.00, together with the costs herein, taxed at $———, be, and the same is hereby declared to be a lien upon the undivided half interest of the defendants in lots 246 and 248, on Eighth Avenue West, in the City of Topeka, Shawnee County, Kansas, being the one-half interest formerly owned by Willis Edson, which undivided one-half interest is hereby ordered sold for the payment of said sum of $1,000.00, and interest at 6% from September 30th, 1916, and the costs of this action. Whereof let order of sale issue to the sheriff of Shawnee County, Kansas."

The judgment of September 30, 1916, adjudicated that there was $1,000 due from the estate of Willis Edson to the plaintiff on account of the claim for contribution by reason of the payment of the judgment of *Harvey v. Wasson.* In their appeal, the defendants failed to contest the validity of the judgment of September 30, 1916, so far as the $1,000 was concerned, but sought to avoid that part of the judgment declar-

ing a lien on the real property in controversy. By the judgment in *Harvey v. Wasson,* the notice of the payment thereof, the claim to contribution therefor, and by the judgment rendered in the present action on September 30, 1916, the claim of the plaintiff to contribution from the estate of Willis Edson was established so far as the defendants are concerned, and the matter is not now open for consideration.

3. The defendants claim that the judgment in *Harvey v. Wasson* has never been revived against the defendants in the present action, nor against any one else since the death of Mary Edson in April, 1914. The defendants argue that because there has been no such revivor, this action cannot now be maintained.

The revivor of the judgment against Mary Edson, administratrix, established the judgment against the estate of Willis Edson. Another revivor against the estate was not necessary. Whoever was appointed in her place succeeded to her rights and obligations to the estate and to its creditors. Further proceedings for or against the estate should have been conducted in the name of the new personal representative. The present action is on the judgment against the estate of Willis Edson to compel payment of that judgment out of property which the plaintiff claims Willis Edson owned at the time of his death, but which the defendants claim was owned by Mary Edson. As against the defendants it was not necessary again to revive the judgment before commencing this action to establish the ownership of the property. The defendants were brought into this action either by summons or an entry of appearance, and a revivor against them would have been an idle ceremony. They would not have been concluded by the revivor any more than they were concluded by the original judgment to which they were not a party. As soon as the judgment was revived against the estate of Willis Edson, the plaintiff had the right to commence this action, to have the title to the real propery in controversy determined, and to have the property subjected to the payment of the plaintiff's claim if the property belonged to Willis Edson at his death.

4. The defendants claim that the property in controversy belonged to Mary Edson, and not to Willis Edson. Evidence

was introduced on that question and from that evidence the court found that Mary Edson and Willis Edson each owned an undivided one-half of the property. Each side is contesting this finding of the court. The plaintiff presents the question by a cross appeal and argues that on the undisputed evidence and the findings of the jury, this court should say that Willis Edson was the absolute owner of all the property, while the defendants argue that the evidence was that Mary Edson was the owner of that property.

The court submitted special questions to the jury, one of which and the answer thereto were as follows:

"Question 13: Who was the owner of the West Eighth Street property at or prior to the death of Willis Edson? Answer: Mary Edson."

The court set that finding aside and in its place found:

"2. That Mary Edson was the owner of an undivided one-half of the West Eighth Street property, and Willis Edson the owner of the other undivided one-half thereof."

The petition alleged that Willis Edson owned the property at the time of his death, while the answer alleged that Mary Edson owned it. Willis Edson and Mary Edson were husband and wife. They occupied the property as their homestead, and by their joint will devised the property, after the death of both of them, to the defendants. The title to the property stood in the name of Willis Edson. Mary Edson contributed money towards its purchase. Their relations were pleasant; Mary Edson took care of the home, while Willis Edson attended to business affairs. The evidence was not conflicting, but it was of such a character that different minds might reasonably have reached different conclusions therefrom. Under such circumstances the finding of the court is conclusive.

5. The defendants contend that they were entitled to a jury to try the question of the ownership of the property, because the issue raised by the pleadings was, "whether Mary Edson or Willis Edson was the owner of this property." The defendants requested a jury trial and a general verdict on this question. The court refused the request. The defendants cite *Gordon v. Munn,* 83 Kan. 242, 111 Pac. 177, in support of their contention. In *Akins v. Holmes,* 89 Kan. 812, 815, 133 Pac. 849, this court said:

"There is no similarity between this case and the cases of *Gordon v. Munn*, 83 Kan. 242, 111 Pac. 177, and *Atkinson v. Crowe*, 80 Kan. 161, 102 Pac. 50, 106 Pac. 1052, relied on by the plaintiffs. In each of those cases the contest was between rival claimants to ownership, and the real issue was whether the title of the one party or the title of the other was such as to require an award of the property to its proponent. The court held that the form in which this issue was cast should not control the method of trial, but that the essential nature of the controversy should determine whether or not a jury trial ought to be granted." (p. 815.)

This principle was adhered to in *Houston v. Goemann*, 99 Kan. 438, 441, 162 Pac. 271. Section 279 of the code of civil procedure, on which this contention of the defendants is based, reads:

"Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code." (Gen. Stat. 1915, § 7179.)

This is not an action for the recovery of money, although the recovery of money is incidentally involved. Neither is it an action for the recovery of real property, although, if the action is successful, the defendants may be deprived of the possession of that property. In the latter particular the present action is distinguishable from *Gordon v. Munn*, and that case does not control in the present one.

The judgment is affirmed.

PORTER, J., dissents from the first paragraph of the syllabus and the corresponding portion of the opinion.