## PERRY et al. v. LEBEL, Adm'x.

No. 26477.   Dec. 14, 1937.

Rehearing Denied Feb. 8, 1938.

Application for Leave to File Second Petition for Rehearing Denied Feb. 21, 1938.

Albert D. Lynn, for plaintiffs in error.

James W. Flinn, for defendant in error.

BAYLESS, V. C. J.  H. T. V. Perry et al. appeal to this court from an order of the district court of Atoka county, Okla., reviving a judgment against them upon application of Mrs. Harry Lebel Holmes, administratrix de bonis non.

December 2, 1914, Georgia Lebel, administratrix of the estate of Albert Lebel, deceased, obtained a judgment against Perry et al. for $5,000, because of the wrongful death of the deceased. This judgment was kept alive by successive executions, issued within successive five-year periods, the last one being issued March 1, 1929. This last five years would end February 28, 1934 (section 442, O. S. 1931). June 16, 1931, Georgia Lebel, the administratrix, died. December 7, 1934, her successor, Mrs. Harry

Lebel Holmes, administratrix de bonis non, applied to said district court to revive said judgment. alleging the judgment had become dormant as provided in section 442, supra, all as provided by section 590, O. S. 1931. Said court thereafter entered an order of revivor, and this appeal resulted.

The sole objection to the application was that Mrs. Georgia Lebel, administratrix, died on June 16, 1931, and since more than one year had elapsed, the revivor could not be made without consent. Section 584, O. S. 1931. That is the sole issue of law presented and argued here. The arguments may be summarized thus: The appellants say that Mrs. Georgia Lebel was the judgment creditor and party in interest to the action, and revivor must be had within one year after her death; and the appellee says Mrs. Georgia Lebel, administratrix, was simply a representative, and the estate was the beneficiary, and that the death of the representative had no effect upon the life of the judgment, and nothing needed to be done except to substitute her successor representative. The successor then would be required to keep the judgment alive thereafter, as though nothing had happened.

We do not believe this precise question has been before this court heretofore. A somewhat analogous issue was present in the case of Missouri, O. & G. Ry. Co. v. Gentry, 31 Okla. 579, 122 P. 537, and the rule announced therein lends support to our conclusion in this case. There we held that where a guardian instituted a cause of action in favor of his ward, and died during the pendency of the action, it was not necessary to revive the action, but only to substitute the successor to the guardian. Of course, the statute construed in that case was the Arkansas statute in effect in a portion of Oklahoma prior to statehood, but our own statute, section 147, O. S. 1931, is identical.

The appellants cite and rely strongly upon the case of Manley v. Mayer, 68 Kan. 377, 75 P. 550. Their argument is that our statute was adopted from Kansas, and that we, likewise, adopted the construction placed upon the statute by the courts of Kansas before it was adopted by us. United States v. Choctaw, O. & G. Ry. Co., 3 Okla. 404, 41 P. 729. and many other cases cited in Oklahoma Digest (West Pub. Co.) vol. 13, p. 196, under the heading of Statutes, key number 226.

This is the general rule of law, but we are unwilling to follow the construction

placed upon the applicable statute in Manley v. Mayer, supra. First: The Supreme Court of Kansas in the body of that opinion candidly states that the conclusion reached is contrary to the current authority elsewhere, and was only adopted because of the prevailing view in Kansas relating to dormancy, which was contrary to the view maintained in other jurisdictions. Second: In the later Kansas case of Postlethwaite v. Edson, 106 Kan. 354, 187 P. 688, a contrary view was reached by the Supreme Court of Kansas on the same issue without any reference to the earlier case of Manley v. Mayer, supra. In this later case it was expressly held that the revival of a judgment against the representative of a deceased judgment debtor was a revival against the estate, and the death of the representative thereafter did not result in dormancy.

In the case of Hutchinson v. Kruger, 34 Okla. 23, 124 P. 591, 41 L. R. A. (N. S.) 315, Ann. Cas. 1914C, 98, in discussing the rule of the adoption of the statute being ipso facto, and adoption of the construction placed thereon, we said:

"If the construction placed on an adopted statute is not in harmony with the Constitution or the public policy of the adopting state, or is contrary to the decided weight of authority in other states construing substantially the same statute, the courts of the adopting state are not required to blindly follow such construction."

See, also, Western Terra Cotta Co. et al. v. Board of Education of the City of Shawnee, 39 Okla. 716, 136 P. 595. Therefore, in view of the admission that the earlier Kansas case is contrary to the weight of authority, and of the fact that there now exists an apparently unexplained conflict in the opinions of the Supreme Court of Kansas on this issue, we decline to follow the construction placed thereon in the case of Manley v. Mayer, supra, and prefer to follow the rule expressed on a similar situation in the opinion in M., O. & G. Ry. Co. v. Gentry.

Our attention is called to the case of Moss v. Ramsey, 49 Okla. 499, 153 P. 843, wherein the language is susceptible of a conclusion contrary to that reached herein. We have considered this case and the facts involved therein, and it is clear that the court should have required, or intended to require, the substitution of the successor to the administrator, for this would have served all the requisites as disclosed by the authorities cited, which authorities refer to cases involving successors only.

The purpose of our Code of Civil Procedure is to confine litigation to the parties actually affected thereby—the real parties in interest. Section 142, O. S. 1931. But the very language of this section is a recognition that this is not always an invariable practice. Minors, incompetents, beneficiaries, citizens affected similarly by public matters, deceased persons, defunct corporations, partnerships dissolved by the death of a partner—all of these interests usually must be represented by someone. The law is never blind to the true positions of the representative and the represented.

It is elementary that a representative party generally has no title or interest in the action, or its subject matter, other than the official title or interest conferred upon him by the law for his use and benefit of the one he represents. Bunker v. Taylor, 13 S. D. 433, 83 N. W. 555. He must account for his acts. He may be removed. He may resign. He may suffer disabilities rendering him incapable of further responsible conduct. In all of the instances, any property held by him in his representative capacity passes to his successor in representation. There may be a hiatus in representation, but no hiatus is created thereby in so far as the one represented—the real party in interest—is concerned. The rule applies to litigation as well.

Does the death of the representative after he has obtained a judgment in favor of the one he represents produce a different result? We think not. For the party in interest, the party for whose benefit the judgment was taken, the estate yet exists. A successor representative may be substituted, and no revivor because of this alone is necessary. Missouri, O. & G. Ry. Co. v. Gentry, supra. See, also, Daisy Roller Mill v. Ward, 6 N. D. 317, 70 N. W. 271; Edney v. Baum, 2 Neb. Unof. 173, 96 N. W. 167; Sadler v. Jappson, 82 N. J. L. 20, 82 Atl. 316; Sprengel v. Schroeder, 203 Ill. App. 213; Thorburn v. Gates, 181 N. Y. S. 520.

In the case of Postlethwaite v. Edson, supra, the Supreme Court of Kansas said:

"The revivor of the judgment against Mary Edson, administratrix, established the judgment against the estate of Willis Edson. Another revivor against the estate was not necessary. Whoever was appointed in her place succeeded to her rights and

obligations to the estate and to its creditors. Further proceedings for or against the estate should have been conducted in the name of the new personal representative."

The sole difference between that case and the one we are considering in so far as precise issue is: The representative represented the judgment debtor in Kansas, whereas the representative represented the judgment creditor here. Their legal positions and rights are identical.

We believe, if the distinction is kept in mind as to whether a party is the real party in interest as contemplated by section 142, O. S. 1931, or whether the party is acting in a representative capacity only, that the issue becomes clear as to whether revivor or substitution of parties is necessary.

OSBORN, C. J., and RILEY, CORN, HURST, and DAVISON, JJ., concur. WELCH, PHELPS, and GIBSON, JJ., dissent.

WELCH, J. (dissenting). I cannot concur in the majority opinion because it does not give proper consideration to the applicable statutes of our state nor to the court decisions construing our own and similar statutes, and because the conclusion of the majority opinion is not supported by the decisions of other states therein cited and relied upon.

Section 589, O. S. 1931, provides:

"**If either** or both parties die **after judgment,** and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the **same manner as prescribed for reviving actions** before judgment; and such judgment may be rendered and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

Section 590, O. S. 1931, provides:

"If a **judgment** become dormant, it may be **revived in the same manner** as is prescribed for reviving actions before judgment."

Section 584, O. S. 1931, provides:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but **shall not** be made without the consent of the defendant after the expiration of **one year from the time the order might have been first made.** * * *" (Emphasis mine.)

It is not controverted that a judgment becomes dormant by reason of the failure to issue execution within the time and manner prescribed by statute. It is contended,

however, that the death of a party after judgment does not necessarily render the judgment dormant within the meaning of section 590, supra; it is suggested that although section 589, supra, provides for the revival of judgments, it does not necessarily follow that the judgment is dormant.

The Supreme Court of Kansas, from which state our statutory provisions in this regard are taken, considered this proposition in Manley v. Mayer, 68 Kan. 377, 75 P. 550. Therein that court said:

"The subject of the dormancy and revivor of judgments has given rise to much discussion and disagreement. The decisions in this state have departed radically from the law as construed elsewhere, even under similar statutes. Our Code provides (section 425 [Gen. Stat. 1901, sec. 4875]) that on the death of a party to an action it may be revived in the name of his representative, but only if the order therefor is made within a year (sec. 433; Gen. Stat. 1901, sec. 4883); that if a judgment becomes dormant, it may be revived in the same manner (sec. 440; Gen. Stat. 1901, sec. 4890); that if either party to a judgment dies, his representative may be made a party to it in the same manner as is prescribed for reviving actions (sec. 439, Stat. 1901, sec. 4889)."

And said further:

"This last proceeding is not in so many words described as a revivor, but it is uniformly so designated in the decisions both in this state and elsewhere. A more significant fact is that the statute does not undertake to define 'dormancy' and does not apply the term to the condition arising upon the death of a party to a judgment. But in Kansas, as perhaps in no other jurisdiction, such condition is constantly spoken of as 'dormancy', and a long line of decisions have assimilated this condition to that of a judgment dormant for want of the timely issuance of execution, until they must be regarded as practically identical. It is held that a judgment dormant for want of execution must be revived, if at all, within the year (Angell v. Martin, 24 Kan. 334), and that this is true of a judgment a party to which has died (Scroggs v. Tutt, 23 Kan. 181); that, after the year has passed without revivor, neither judgment will support an action (Mawhinney v. Doane, 40 Kan. 676, 17 P. 44; Smalley v. Bowling, 64 Kan. 818, 68 Pac. 630)."

In Updegraff v. Lucas, 76 Kan. 456, 93 P. 630, 13 Ann. Cas. 860, it is held:

"A judgment becomes dormant upon the death of the judgment creditor, although the action was prosecuted by one having no beneficial interest therein, and the judgment belongs, in fact, to another; and un-

der such circumstances where no proceedings to revive the judgment have been taken within one year after the death of plaintiff in the action, an execution issued upon the judgment is void and may be enjoined."

Our own court in the case of Jones v. Nye, 56 Okla. 578, 156 P. 332, treats a judgment as becoming dormant upon the death of a party thereto.

In 34 C. J. page 655, par. 1004, we find the following statement under the text of "Dormant Judgments":

"A judgment not satisfied or barred by lapse of time, but temporarily inoperative so far as the right to issue execution is concerned, is usually called a dormant judgment. At common law a judgment lost its force as a lien on the judgment debtor's realty, and no execution could be issued thereon when it had lain dormant for a year and a day."

In the footnotes to the text we find the following apt statements of the law as regards dormant judgments:

"A dormant judgment is one without generative vitality. In order that it may have efficiency, it must be awakened, revivified. Denny v. Ross, 70 Kan. 720, 79 P. 502. (2) The word 'dormant,' as applied to judgments, is broad enough to cover judgments which have not wholly lost their vitality, but which cannot support an execution for want of necessary parties. Manley v. Mayer, 68 Kan. 377, 75 P. 550, 1 Ann. Cas. 825."

But it is contended by appellee that the real party plaintiff in interest was not Georgia Lebel, the person who died, but that the real party in interest was the estate of Albert Lebel, deceased, and that the real party plaintiff did not die; that had the appellee been appointed administratrix de bonis non prior to March 1, 1934, it would not have been necessary for her to have procured an order of revivor, but that she might have immediately proceeded to procure the issuance of execution. That the original judgment having been obtained by Georgia Lebel in her representative capacity, and the new administratrix, succeeding to all of the rights, powers, and duties of the original administratrix, could proceed toward collecting the judgment without the necessity of a revivor. I think the unsoundness of this contention is made manifest by review of the early cases of Moss et al. v. Ramsey, 49 Okla. 499, 153 P. 843. There this court in effect held it to be essential that a judgment obtained by the administrator of an estate be revived in the name of the administrator de bonis non, since the administrator who obtained the judgment had died. It was there held in paragraphs 1 and 2 of the syllabus as follows:

"A proceeding in error against an administrator, who died subsequent to the date final judgment was rendered in the trial court, and prior to the filing of such proceeding in error in this court, should be revived in the name of the administrator de bonis non."

"Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that, intermediate to final judgment and the filing of proceedings in error in this court, the sole plaintiff, in the judgment sought to be reviewed, died, and no order of revivor appears in the record."

In that case an administrator had obtained a judgment in his representative capacity. Shortly after judgment he died and the judgment debtors attempted to perfect an appeal to this court. No revivor of judgment was had in the name of the administrator de bonis non, and this court dismissed the appeal for the reason that there was no defendant in error before the court. The successor to the former administrator did not become a party to the action in the absence of a revivor, and it therefore follows that there was a complete want of necessary parties. I have no doubt that a complete want of necessary parties renders the judgment dormant within the meaning of section 590, supra.

The majority opinion declines to follow Manley v. Mayer, supra, and places reliance on the following cited decisions: Missouri, O. & G. Ry. Co. v. Gentry, 31 Okla. 579, 122 P. 537; Postlethwaite v. Edson, 106 Kan. 354, 187 P. 688; Daisy Roller Mill v. Ward, 6 N. D. 317, 70 N. W. 271; Edney v. Baum, 2 Neb. Unof. 173, 96 N. W. 167; Sadler v. Jappson, 82 N. J. L. 20, 82 Atl. 316; Sprengel v. Schroeder, 203 Ill. App. 213; Thorburn v. Gates, 181 N. Y. S. 520. These cases are cited as sustaining the rule announced in the syllabus. They do not support that rule. Not one of those cases is directly in point, that is, not one of them involves a case where an administrator obtained a judgment and died and the same was sought to be collected by a succeeding administrator, as a casual analysis of each case will disclose.

In Missouri, O. & G. Ry. Co. v. Gentry, supra, this court considered an action commenced by a guardian for his ward. The guardian died before final determination. It was held only necessary to substitute

the successor to the guardian, and the action of the trial court substituting the successor to the guardian was sustained by this court. However, it was pointed out that such substitution was specifically authorized by statute, the section then applicable to such a situation being identical with present section 147, O. S. 1931. That decision is therefore not authority for the rule of the majority opinion, which is not in any sense based upon section 147.

In Postlethwaite v. Edson, supra, a judgment against one Edson was, after his death, revived against the administratrix. Thereafter, when the administratrix died, it was held that the judgment had been properly established against the estate of the decedent and needed no further revivor nor any substitution of the succeeding administrator.

In Daisy Roller Mill v. Ward, 6 N. D. 317, 70 N. W. 271, we have a case where the judgment creditor died and it was held not necessary to revive, by reason of a special statute in North Dakota (Comp. Laws 1887, sec. 5110), specifically providing that "the party in whose favor judgment has heretofore been or shall hereafter be given, and in case of his death his personal representative duly appointed may at any time within five years after the entry of judgment proceed to enforce the same by writ of execution as provided in this chapter," and it was pointed out in the opinion that no provisions whatever are contained in the chapter for reviving judgments or substituting parties, and it is pointed out specifically that by virtue of the above-quoted statute it is not necessary that there be either a revivor or a substitution of parties. We have no such statute; therefore, this decision does not support the rule of the majority opinion.

In Edney v. Baum, 2 Neb. Unof. 173, 96 N. W. 167, the decision is likewise based upon a special statute providing that "when an executor or administrator shall die, be removed from office, or resign, or when his letters shall be revoked, during the pendency of any suit in which he is a party, the suit may be prosecuted by or against the executor or administrator appointed in his place, if any shall be appointed, in like manner as if it had originally been commenced by or against such last executor or administrator." Comp. St. Neb. 1901, c. 23, sec. 336. We have no such statute, and I think we should not enforce in this state by judicial decree alone the statutory law of either North Dakota or Nebraska.

In Sadler v. Jappson, 82 N. J. L. 20, we have a prosecution in a bastardy proceeding. The statutes of New Jersey require such prosecution to be commenced in the name of the state by the overseer of the poor. It was held that upon the death of that particular overseer of the poor the acion did not abate. On application of that rule in Oklahoma a criminal prosecution required to be commenced by the county attorney would not abate upon the death of the county attorney, but such rule lends no support to the rule stated in the syllabus of the majority opinion.

In Sprengel v. Schroeder, 203 Ill. App. 213, the rule is announced on page 217 as follows:

"15. Abatement and Revival—When action for personal injuries does not abate. An action for personal injuries against a deceased person does not abate upon the death of the executrix of his estate, but such suit may be prosecuted against an administrator de bonis non with the will annexed who is substituted in place of the deceased executrix."

There is nothing at all to show whether such substitution was made by revivor or by special statute, as may be done in some of the other states, as we have observed. That rule of law above quoted is undoubtedly correct in states where such a cause of action survives, but there is no other language in the opinion touching the rule, and, as stated, it has no specific application to the question here.

In Thorburn v. Gates, 181 N. Y. S. 520, it was held that the cause of action being prosecuted against an administrator survived, and therefore did not abate on death of the administrator, and it was stated that the court is authorized to substitute the succeeding administrator as a party defendant, it not being made to appear whether such substitution was by special statute as in North Dakota or Nebraska. However, the statement in this opinion was based on the decision of the earlier New York case of Douglas v. Sherman, 2 Paige Ch. 358, and the latter decision, while more nearly in point does not support the rule of the majority opinion. In the latter case a successor in interest sought and obtained an order of the trial court substituting her name for that of the deceased complainant without complying with the statute as to revivor, and it was held that such substitution or revivor was invalid.

While it is true, as stated in the majority opinion, there was a statement in the Kansas case of Manley v. Mayer, supra, that the Kansas rule was contrary to the weight of authority, I am persuaded that the Kansas rule is different by virtue of the Kansas statute, which is identical with our own statute in this regard.

In addition to the above-cited cases, Manley v. Mayer (Kan.), Updegraff v. Lucas (Kan.), Moss v. Ramsey (Okla.), and Jones v. Nye (Okla.), which are contrary to the majority opinion, another decided case where a judgment was obtained by the administrator is the case of Brown v. Tutwiler, 61 Ala. 372. In that case the revivor sought by the succeeding administrator was denied because not sought within the 18 months' time provided by statute in that state for revivor. That decision supports my view and is contrary to the majority opinion.

No decision of any state is cited touching this exact question and holding contrary to Manley v. Mayer, or to the decision of this court in Jones v. Nye, supra. The majority opinion, while insisting that its rule is supported by the great weight of authority, cites no single authority fully supporting it.

PHELPS, J., concurs herein.